## TAYLOR BROWN V. JAMES F. LANE AND OTHERS.

This Court has heretofore determined, in accordance with the current of authorities, that a valid levy and sale of an undivided interest of a part owner of slaves, cannot be made without the slaves being present at the time of the levy and sale, or in some way under the control of the Sheriff.

Where a Sheriff's sale of the interest of the defendant in execution in certain slaves, was void on account of the failure of the Sheriff to take the slaves into his possession or have them otherwise under his control, or to have them present at the time of the sale, and it did not appear what proportion the amount bid by the purchaser bore to the fair value of the interest of the defendant in execution in said slaves ; nor, except by the return of the execution satisfied, that the purchaser had paid the price bid ; it was held that the purchaser was not entitled to recover from the defendant in execution the amount of the bid.

Error from Rusk. Tried below before the Hon. William W. Morris.

Suit by plaintiff in error against defendant in error to recover the undivided interest of one of the defendants, James F. Lane, in certain slaves in possession of defendants. The plaintiff claimed by purchase at Sheriff's sale, under an execution in favor of Andrew J. Wills against the said James F. Lane. The levy was made upon the interest of the defendant in execution in said slaves by name, by indorsement to that effect at the Sheriff's office, at the instance of the attorney of the plaintiff in execution, whilst the slaves were five miles off, in possession of defendants, where they remained, not being present at the sale, nor at any time under the Sheriff's control. The validity of the sale being attacked, plaintiff amended, and claimed judgment against James F. Lane for the amount which he alleged he had paid for said interest in said slaves, and which he alleged had gone to discharge the indebtedness of the said James F. Lane to the plaintiff in execution.

Brown v. Lane.

The Sheriff's return of the execution stated that Taylor Brown bid off the property at $248, and that the execution was satisfied in full. The bid was about the amount of the execution. There was evidence tending to prove that James F. Lane owned an undivided interest in said slaves, with the other defendants, as one of the heirs of Robert L. Lane. There was no evidence showing that the price bid was or was not the fair value of the interest of the defendant in execution ; but it appeared that one of the defendants claimed to have purchased the interest of said James F., and forbade the sale.

The Court instructed the jury to the effect that the levy and sale, under the circumstances, conveyed no title ; and refused to give the following instruction, asked by plaintiff :

That if they believe, from the evidence, that there was a judgment and execution against James F. Lane, one of the defendants, and the plaintiff paid off and satisfied said judgment and execution, and got nothing from said defendant, in consideration thereof, they must give him a judgment against said defendant James F. Lane, for the amount so paid on said judgment by plaintiff, with interest at eight per cent. per annum from the date of said payment.

Verdict and judgment for defendants. Motion for new trial overruled, &c.

*N. G. Bagley*, for plaintiff in error, argued that the levy and sale were good, since to have taken manuel possession of the property would have been a trespass upon the other proprietors ; and to the right of plaintiff to recover back the amount paid by him, cited Henderson v. Kissam, 8 Tex. R. 46; Howard v. North, 5 Id. 291.

*B. Smither*, for defendants in error, cited against the validity of the levy and sale, Portis v. Parker, 8 Tex. R. 23 ; Bryan v. Bridge, 6 Id. 137 ; Converse v. McKee, 14 Id. 28 ; and against the recovery of the amount bid, Teas v. McDonald, 13

Tex. R. 31 ; Edmonson v. Hart, 9 Id. 554; Story, Eq. Jur. Sec. 212.

ROBERTS, J.   Two questions are presented in this case :

1st.   Can a Sheriff make a valid levy on, and sale of an undivided interest of a part owner of slaves, without the slaves being present at the time of the levy and sale, or in some way being under the control of the Sheriff ?

In accordance with the current of authorities, this Court have already determined this in the negative. (Converse & Co. v. McKee, 14 Tex. R. 20 ; Bryan et al. v. Bridge et al., 6 Tex. R. 137.)

The second question is, if Brown bid off the property at the sale, which was void, and paid the purchase money to the Sheriff in satisfaction of the execution against James F. Lane, and did not and cannot get possession of the property under the sale, can he maintain an action against James F. Lane to recover the money, which was applied to the discharge of his debt?

In the case of Howard and wife v. North, (5 Tex. R. 290,) it was determined that "when an execution sale, under a valid judgment, is void, and the debtor brings suit to recover the property, if there be no fraud on the part of the purchaser, the latter will not be compelled to restore the property, without being reimbursed the amount which he paid, and which went to discharge the judgment." There the suit was brought by the defendants in the execution, to set aside a Sheriff's sale and annul his deed, under which the purchaser held title to the land.   And the decision was based on the principle, that a Court of equity would not aid the defendants in execution to regain possession and title to their land from a purchaser who had committed no fraud, without requiring them to do equity by refunding the money paid to their use.

In the case of Teas v. McDonald, (13 Tex. R. 356,) it was decided that the Court would not compel McDonald to refund

the purchase money to Teas, (upon a sale of land being set aside as fraudulent,) upon the ground that, although McDonald was legally bound to pay the whole judgment, half of which he had already paid, his co-defendant Cotton was equitably the proper person out of whose effects the balance should be made, and Teas was fully aware of it when he purchased McDonald's land under the execution against Cotton and McDonald. Here, the defendant in the execution sought the action of the Court in his behalf, and he obtained it without refunding, because equity dictated that another person should discharge the legal obligation.

There is no case in point, cited by the counsel, where the purchaser has been the active party complaining of his misfortune in acquiring a bad title under a pretended sale under execution.

In Kentucky, (McLaughlin's Adm'rs v. Daniel, 8 Dana, 183,) Daniel, the purchaser of a slave, at Sheriff's sale, brought a suit against the defendants in the execution, McLaughlin's administrators, and recovered the purchase money paid at the sale, the slave having been taken from him by one having a title superior to that sold by the Sheriff. This proceeded on the principle that the money paid on the sale had been applied to the benefit of the estate, and it was equitable that it should be refunded by the estate. In that case the Sheriff delivered the slave to the purchaser as the property of the estate.

In the State of Georgia, (8 Georgia, R. 30, McWhorter v. Beavers,) in a case similar to the case cited in 8th Dana, the doctrine of *caveat emptor* was applied to judicial sales ; and the Court held that the purchaser could not maintain the suit against the defendant in execution. It is based upon the old Common Law rule, that whosoever gratuitously volunteers to pay the debt of another without any privity existing between the parties, cannot recover the amount so paid.

The same principle was applied, with equitable qualifications, by the Supreme Court of Alabama in the case of O'Neal et al.

v. Wilson, (21 Ala. R. N. S. 288.) That was a bill in equity, in which the same question arose, and in the same manner as that presented by the two cases at law in Kentucky and Georgia. Justice Chilton, who delivered the opinion, says : "The doctrine of *caveat emptor* applies to such sales, and although the Court will sometimes interfere, in peculiar cases, to prevent fraud, or to relieve against mistakes, this is not one of those cases." "The complainant has come into Court to be relieved against his own rashness in buying an interest in property which the Sheriff could not convey—there was no deception practiced upon him, no want of knowledge of the facts, and if reposing upon his own or the Sheriff's knowledge of the law, as to the power of the latter to sell, he ventured to purchase, he has no standing in a Court of equity, and must take the consequences. Were Courts of equity open for such complaints, there would be no end of such applications to set aside improvident purchases, made, it may be, to speculate upon the chances of success."

This Court has never yet been called on to decide a case where the purchaser brings the suit. When it becomes necessary, it will have to determine between the strictly legal and the more liberal equitable rule to be found in the conflicting authorities.

It is proper to remark, however, that so far as the Court have gone in their adjudications upon this subject, they have followed and adopted the more liberal rules of the Kentucky and Louisiana Courts. (See the leading case of Howard v. North, 5 Tex. R. 290, and cases there cited.) The extent to which our decisions go, so far, is that a *bona fide* purchaser, who has been sued to vacate his title, will not be required to abandon his possession and title, until his purchase money is refunded to him. It is necessarily implied in this, that the sale is such as to vest the possession, either actually or constructively, in the purchaser ; that he paid money which was applied to the use of defendant ; that he paid a fair price—

Brown v. Lane.

such as would constitute a consideration in good conscience; and generally that he should not be a participant in any fraud connected with the sale.

Admitting that a purchaser would be equally protected, whether he sued or was sued, the facts of this case are not applicable to the rule thus laid down. For, 1st. Brown did not get such possession or title to the property, as ever could have been matured into a good right, the sale being a nullity. 2nd. It is not shown that the Sheriff has paid the money; the only evidence of that fact being the return of the Sheriff that Brown had bid off the property. And 3rd. It does not appear whether Brown gave a fair value or bought on speculation at an unconscionable price.

Plaintiff then cannot bring himself within the most liberal rule that has been laid down upon the subject; and must therefore fail in his remedy, as the facts are presented in this case.

Judgment affirmed.