## SAM LEVY v. MRS. WARD ROPER ET AL.

### No. 3651.    Decided November 21, 1923.

### (256 S. W., 251.)

**1.—Judgment—Foreclosure—Jurisdiction—Recitals—Collateral Attack.**

A judgment of foreclosure without jurisdiction over the defendants is void. But where it recites facts showing jurisdiction (appearance of defendants by attorney) such recitals can not be disproved in a collateral attack on the judgment and sale; though they may be in a direct proceeding to set them aside. (Pp. 361, 362).

**2.—Same—Sale—Part Owner.**

The owner of a part only of the land embraced in a foreclosure sale on a judgment which he had been personally cited to defend against, could not maintain a direct action to set aside the judgment and sale on the ground that it was void as to his co-defendants owning the remainder of the land because they had not been cited and had not appeared in the case. (P. 362).

**3.—Direct Attack—Limitation.**

An action to set aside a judgment and foreclosure sale must be brought within four years by one having due notice thereof; though parties who were not cited and had no knowledge of the judgment or sale may bring suit within such period after their discovery of the facts.  (P. 363).

**4.—Foreclosure—Sale—Setting Aside—Refunding Purchase Money.**

On foreclosure and sale of incumbered land the widow and heirs of the incumbrancer were not cited and did not appear.  They had the judgment and sale set aside for that reason.  A purchaser of a part of the land had been made defendant and regularly cited, and was denied such recovery in his action to set aside the sale as to his part.  The land had been sold as a whole and for an inadequate price, and the part of which the sale had not been set aside was of greater value than the price paid for the whole at the foreclosure sale.  *Held* that the purchaser at such sale had no right in equity to any refund of his purchase money from the widow and heirs.  (P. 363).

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Johnson County.

Levy obtained writ of error on a judgment of the Court of Civil Appeals (230 S. W., 514) affirming a recovery by Hedrick and by Mrs. Roper and her children setting aside a judgment and foreclosure sale of land under which he became the purchaser.

*R. M. Vaughan* and *J. C. Terrell,* for plaintiff in error.

Action by Hedrick to set aside the judgment and sale was barred by limitation.  Cooper v. Lee, 75 Texas, 114; Foust v. Warren, 72 S. W., 406; Holt v. Love, 168 S. W., 1018-1020; Morris v. Insurance Co., 43 S. W., 898; McLean v. Stith, 112 S. W., 355; McCampbell v. Durst, 40 S. W., 321-322; Revised Statutes, Article 5690.

Hedrick cannot in this action attack the judgment rendered in the cause of Walden v. Roper et al., and the validity of the sale made thereunder on account of any errors committed therein against Mrs. Ward Roper and her children, but can only attack it for such errors, if any, committed against himself.  Chappell v. Brooks, 33 Texas, 277; Cook v. Steele, 42 Texas, 55; Herndon v. Bremond, 17 Texas, 434; 15 Ruling Case Law, p. 696, Sections 148-149.

Hedrick being barred by limitation from prosecuting this suit and estopped by said judgment, would not be entitled to seek relief from a court of equity against his own negligence and in disregard of his rights.  Burton v. Perry, 34 N. E., 60; Gray v. Stuart & Palmer, 33 Gratten, 351; Hunter v. Ruff, 58 Am. St., R. 907; Murphy v. Orr, 32 Ill., 489-492; North & Scott v. Mudge, 13 Iowa, 498; State on rel. Ozark County v. Tate, 18 S. W., 1088, 54 Am. St. R., Note p. 255 and p. 259; Schmidt v. Neimeyer, 100 Mo., 207; St. John & W. v. Holmes, 20

Wendel, 609; Valentine v. Cooley, Meigs Report, Tenn., 618; 33 American Decisions 166; 1 Black on Judgments, Sec. 211; 1 Freeman on Judgments, Sec. 136; 60 American State Reports, Note pp. 659-662; 15th Ruling Case Law, p. 699, Sec. 150; p. 734, Sec. 188.

Mrs. Roper and her two children, who were of age, were barred by the four-year statute of limitation, and not having shown any concealment on the part of said Levy or any diligence whatsoever by themselves to ascertain the status of the property, the Court should have rendered judgment for the defendant Levy as to any interest held by the plaintiffs then of age in the property in question.   Calhoun v. Burton, 64 Texas, 517; Dunn v. Taylor, 94 S. W., 348; East Texas Land Co. v. Graham, 60 S. W., 477; Ford v. Clements, 13 Texas, 596; Kuhlman v. Baker, 50 Texas, 636; Kennedy v. Baker, 59 Texas, 160; Prosser v. First National Bank, 134 S. W., 783-4.

*Padelford & Johnson,* for defendants in error, Mrs. Roper and her children.

*Walker & Baker* and *J. I. Kilpatrick, Jr.,* for defendant in error, Hedrick.

The district court did not err in refusing to instruct a verdict against this appellee because the cause of action in the case of Walden v. Roper was an entire and indivisible cause of action, and was not severed or capable of being severed, and the judgment being void as on account of want of jurisdiction of the court over the persons of the Ropers is void as to this appellee.   One final judgment only could be rendered, and as it must be set aside as to the Ropers, it must necessarily be set aside as to this appellee.   The court did not have jurisdiction over the persons of the Ropers, and the judgment and all proceedings under it are void.   The judgment cannot be set aside in part.   It must be set aside as a whole.   Graham v. East Tex. Ld. Co., 50 S. W., 579; Crawford v. McDonald, 88 Texas, 626; Murchison v. White, 54 Texas, 81; State v. Ortiz, 99 Texas, 475; Egery v. Power, 38 Texas, 373; Roller v. Reid, 87 Texas, 75; Hulme v. James, 6 Texas, 241; Wooters v. Kaufman, 67 Texas, 496; Boone v. Hulsey, 71 Texas, 184; Danner v. Walker-Smith Co., 154 S. W., 301; Hume v. Schintz, 40 S. W., 1070; St. Louis S. F. & T. Ry. Co. v. Smith, 99 S. W., 172.

The question of limitation is not involved in the case.   The court in Walden v. Roper did not have jurisdiction of the persons of the minor defendants, and some of them are still minors, and hence, are not affected by limitation,.   The judgment is void as a whole.   It must be set aside as a whole.   The nullity of the judgment is not affected by the lapse of years.   Egery v. Power, 38 Tex. 373.   It binds and bars no one, Graham v. E. Texas Land Co., 50 S. W., 579.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

In 1903, B. B. Sellars and wife conveyed to Ward Roper 320 acres of land in Hill County, in consideration of $10.00 cash, and two vendors lien notes, one for $490.00 due October 1, 1903, and the other for $500.00 due October 15, 1904. J. H. Roper, brother of Ward Roper, was surety on the $500.00 note.

In 1904, Ward Roper and wife conveyed to defendant in error, R. L. Hedrick, in consideration of $860.00 in cash, a specific tract of 172 acres from the tract of 320 acres.

The $490.00 note, given by Ward Roper to secure part of the purchase price of the 320 acres, was paid by him, and the $500.00 note was transferred to D. C. Walden. Ward Roper died on September 16th, 1911, leaving as the heirs to his estate a widow and five children, who are defendants in error herein.

On October 9, 1912, the District Court of Johnson County rendered a judgment in favor of D. C. Walden against J. H. Roper, for the amount of the $500.00 note, with foreclosure of vendors lien on the 320-acre tract of land, against R. L. Hedrick, J. H. Roper, and the widow and children of Ward Roper, deceased, of whom three were minors. The judgment recited that J. H. Roper and R. L. Hedrick were personally served with citation in the suit of D. C. Walden, and that they failed to appear or answer. The judgment recited that the widow and children of Ward Roper appeared by their attorney. There was no recital of any appointment of a guardian ad litem for the minors.

On February 4, 1913, the 320 acres were purchased by plaintiff in error Sam Levy for $729.95, at sheriff's sale, under order of sale issued on the aforesaid judgment.

On August 15, 1918, Sam Levy filed a suit in the District Court of Hill County against the widow and children of Ward Roper and against R. L. Hedrick to remove cloud from his title to the 320 acres of land.

'On November 15, 1918, the widow and children of Ward Roper brought suit in the District Court of Johnson County, against Sam Levy, D. C. Walden, J. H. Roper and R. L. Hedrick, to set aside the judgment against them, foreclosing the vendors lien on the 320 acres, and to set aside the sheriff's sale, and to enjoin the prosecution by Sam Levy of the suit filed by him in the District Court of Hill County, on the following grounds: first, that the widow and children of Ward Roper did not appear in person or by attorney in the suit brought by D. C. Walden; that they were not served with citations in the suit, and had no knowledge of the suit, judgment, or sale until immediately before the filing of this action; and, second, that no notice was given to the widow and children of Ward Roper of the sheriff's sale of the 320 acres of land, resulting in the land bringing an inadequate price, the land being worth $1500 at the date of sale.

Defendant in error R. L. Hedrick filed a cross-action, whereby he sought to set aside the judgment of foreclosure and the sheriff's sale, and to enjoin plaintiff in error Levy from prosecuting, against him, the action of trespass to try title to the 320 acres, on the ground that the judgment foreclosing the vendor's lien was void because rendered in a suit in which the widow and children of Ward Roper made no appearance and were not cited. No averment was made that Hedrick was not personally cited in the suit brought by Walden nor that Hedrick was not given due notice of the sheriff's sale.

The trial court refused a peremptory instruction to return a verdict in favor of plaintiff in error on the cross-bill of R. L. Hedrick, and submitted to the jury only two issues. In response to the first, the jury found that the widow and children of Ward Roper had no notice of the time and place of sale of the 320 acres. · In response to the second, the jury found the ages of the children, showing that three of them were minors when the decree of foreclosure was entered. Judgment was rendered in the trial court for R. L. Hedrick and for the widow and children of Ward Roper, cancelling the judgment foreclosing the vendor's lien and cancelling the sheriff's sale, and enjoining plaintiff in error from prosecuting his suit in Hill County.

On appeal, the judgment of the District Court was affirmed by the San Antonio Court of Civil Appeals, 230 S. W., 514. A writ of error was granted Sam Levy.

There was evidence to warrant findings, which should be presumed in support of the trial court's judgment: that plaintiff in error bought the 320 acres of land for an inadequate price; that the widow and children of Ward Roper did not appear, and were not cited, in the foreclosure suit, that no guardian ad litem was appointed for the minors; that the widow and children of Ward Roper had no knowledge of Walden's suit until immediately before instituting proceedings to set aside the decree of foreclosure and the sheriff's sale; and that they were not negligent in failing to learn of same. There was evidence supporting the jury's finding that the sheriff's sale was made without notice to Ward Roper's widow and children. It was conclusively shown that R. L. Hedrick was personally served with citation to answer Walden's suit and that he made default.

In support of the affirmance of the judgment for defendant in error Hedrick, it is urged: first, that the judgment foreclosing the vendor's lien on the 320 acres of land was void, because of the court's want of jurisdiction over the persons of the widow and children of Ward Roper; and, second, that the requirement of only one final judgment rendered the foreclosure and sale void as against defendant in error Hedrick as well as against Roper's widow and children.

The Supreme Court has uniformly held that a judgment rendered against a defendant, without citation against him or appearance by or for him, is a nullity.

After deciding that service by the sheriff of one county of a citation directed to the sheriff of another county was no service, the court, through Chief Justice Wheeler, said: "The court, therefore, had no jurisdiction of the person of the defendant, and the judgment was consequently void." Witt v. Kaufman, 25 Tex. Supp., 386.

The court again declared in Judge Stayton's opinion in Glass v. Smith, 66 Texas, 550, 2 S. W., 196; "Jurisdiction over the person of a defendant is acquired by his voluntary appearance, or by service upon him of such process as the law provides. In the case before us, Glass had not voluntarily come before the court as a litigant, and thus conferred jurisdiction on the court over his person; nor had he been brought before the court by any process known to the law * * * and the judgment rendered against him, from which he now seeks relief, was and is a nullity."

Judgments rendered against parties, who had not appeared and who had not been lawfully cited, were determined to be void in the following cases: Edrington v. Allsbrooks, 21 Texas, 189; Parker v. Spencer, 61 Texas, 161; Dunlap v. Southerlin, 63 Texas, 42; Fowler v. Simpson, 79 Texas, 617, 23 Am. St., 370, 15 S. W., 682; Hardy v. Beaty, 84 Texas, 569, 31 Am. St., 80, 19 S. W., 778; Roller v. Reid, 87 Texas, 76, 26 S W., 1060; Hopkins v. Cain, 105 Texas, 597, 143 S. W. 1145.

The Supreme Court of the United States likewise treats as void judgments against defendants, neither cited nor waiving citation nor appearing. Windsor v. McVeigh, 93 U. S., 283, 23 L. Ed., 914; Pennoyer v. Neff, 95 U. S., 733, 24 L. Ed., 565; Hovey v. Elliott, 167 U. S., 445, 42 L. Ed., 215; Cooper v. Newell, 173 U. S., 571, 43 L. Ed., 808; McDonald v. Mabee, 243 U. S., 90, 61 L. Ed., 608, L. R. A., 1917F, 458.

The necessity for maintaining rights acquired on the faith of apparently valid judgments of domestic courts of general jurisdiction has led to the rule, now firmly established in Texas, that whenever such judgments are collaterally assailed their jurisdictional recitals are not open to attack but import absolute verity. Nowhere perhaps is the rule better stated than in the opinion of Judge Denman in Crawford v. MacDonald, 88 Texas, 632, 33 S. W., 328, in these words: "Where a personal judgment has been rendered against a defendant by a domestic court of general jurisdiction, and under the same his property has been seized and sold, he will not, in a contest over the title to the property, be allowed to show by evidence *dehors the record* that the judgment was rendered without any service whatever upon him. Logically the judgment is in fact void, but on ground of public policy, the courts, in order to protect property rights, apply the rule aforesaid, which precludes inquiry into facts *dehors the record* for the purpose of showing the invalidity of the judgment; and therefore for

all practical purposes, *in such collateral attack,* the judgment is held valid.''

The statement by Judge Denman harmonizes with previous and subsequent decisions of this court. Murchison v. White, 54 Texas, 82; Heck v. Martin, 75 Texas, 473, 16 Am, St., 915, 13 S. W., 51; Templeton v. Ferguson, 89 Texas, 57, 33 S. W., 329; Stockyards National Bank v. Presnall, 109 Texas, 34, 35, 194 S. W., 384. The principles applied in these cases are followed in most of the American States. 15 R. C. L. sec. 373.

Hence, the judgment in favor of Walden, foreclosing the vendors lien, could not have been successfully attacked even by the widow and children of Ward Roper, for the want of jurisdiction over their persons, save in a direct action. They could not have maintained a direct action to vacate the portion of the decree which in no wise affected their own rights or interests. They had no right to, or interest in, the 172 acres of land conveyed by Ward Roper to defendant in error Hedrick. It follows that so much of the decree of foreclosure as alone affected Hederick and his title to the 172 acres could not have been rightly set aside at the instance of Mrs. Roper and her children.

Can defendant in error Hedrick maintain his direct attack on the judgment and sale because of the mere failure of the court decreeing the foreclosure to acquire jurisdiction over the persons of the widow and children of Ward Roper? Such failure in no wise relieved him from defending Walden's suit in so far as it sought a foreclosure on his 172 acres of land. It is true that one defense, complete or partial, which was open to him, was to require that the proceeds of the sale of the portion of the 320 arces not conveyed to him be first applied to discharge the vendor's lien. But failure to cite Ward Roper's widow and children to answer Walden's petition did not prevent him from asserting such defence. Since it is manifest that a judgment foreclosing the vendor's lien on the 320 acres, in a suit against J. H. Roper and Hedrick alone, would not be subject to collateral attack, nor be open to vacation by Hedrick in a subsequent equitable proceeding, merely because of the non-joinder of the representatives of the estate of his vendor, we cannot ascribe that effect to the omission to cite the representatives of his vendor's estate. Greater effect ought not to be given, under the pleadings and evidence here presented, to a failure to cite than to a failure to both sue and cite.

Determining a cause wherein defendants claimed separate tracts of land, the court held in the careful opinion of Chief Justice Gaines in Boone v. Hulsey, 71 Texas, 185, 9 S. W., 531, that where a plaintiff had recovered a judgment by default as to defendants who were not duly cited, and had sustained an adverse judgment in favor of other defendants, who filed answers, the judgment for those answering should not be affected by the vacation of the judgment as to those not

cited. The rule must be applied regardless of who prevails in the suit as between the plaintiff and the defendants subject to the jurisdiction of the court. See also Missouri, K. & T. Ry. Co. v. Enos, 92 Texas, 580, 50 S. W., 928.

The statute of limitations of four years, which was properly invoked by plaintiff in error, interposes an insuperable obstacle to Hedrick's maintenance of any direct action to vacate the decree of foreclosure or the sheriff's sale. He had personal knowledge of Walden's suit before the decree of foreclosure was rendered and he avers no want of knowledge of the sheriff's sale on the day it was made. He makes no attempt to excuse his delay in filing his cross-action further than to deny that he had been dispossessed of the 172 acres of land. He cannot enforce the rights asserted by his cross-action without affirmative equitable relief. His cross-action was barred when it was filed more than four years after the sale to plaintiff in error, and the trial court should have granted plaintiff in error's request to have the jury instructed to return a verdict against Hedrick. McCampbell v. Durst, 15 Texas Civ. App., 522, 40 S. W., 321; McLean v. Smith, 50 S. W., 323, 112 S. W., 361; Groesbeck v. Crow, 91 Texas, 74, 40 S. W., 1028.

The action of Mrs. Roper and children was brought within four years after they either knew or could have known by the use of ordinary diligence of the judgment foreclosing the vendor's lien or of the sheriff's sale. The action was therefore not barred by limitation, even though said parties had all been adults when the judgment was rendered. Kimmell v. Edwards, 194 S. W., 169; Foust v. Warren, 72 S. W., 406, 407; Rose v. Darby, 33 Texas Civ. App., 341, 76 S. W., 799.

The want of citation to, or appearance by, the widow and children of Ward Roper in the foreclosure suit and the want of notice to them of the sheriff's sale, togther with the inadequate price obtained at such sale, warranted the vacation of the sale to plaintiff in error, and the injunction against him, as to the 320 acres of land without the boundaries of the 172 acres tract. The 172 acres exceed in value the amount of plaintiff in error's bid at the sheriff's sale, at which he admits he was seeking to acquire land at a bargain price. Under the circumstances, we do not think plaintiff in error is entitled in equity to any refund from the widow and children of Ward Roper. Brown v. Lane, 19 Texas, 208.

It is ordered that the judgments of the District Court and of the Court of Civil Appeals be affirmed in so far as they annul the sheriff's sale of that portion of the 320 acres without the boundaries of the tract of 172 acres, and in so far as plaintiff in error is enjoined from prosecuting any action against the widow and children of Ward Roper for the recovery of said portion of the 320 acres, and in so far as the title of the widow and children of Ward Roper is quieted to that portion of the 320 acres. In all other respects, the judgments of the

District Court and of the Court of Civil Appeals are reversed, and judgment is rendered against defendant in error R. L. Hedrick on his cross-action.  Plaintiff in error will recover of defendant in error Hedrick all costs in the trial court on his cross-action, and the costs of the Court of Civil Appeals and of the Supreme Court.  Defendants in error, the widow and children of Ward Roper, will recover of plaintiff in error all their costs in the trial court, the Court of Civil Appeals, and the Supreme Court.

*Affirmed in part and in part reversed and rendered.*