**SMITH et al. v. LIGHTFOOT et al.**

**No. 8934.**

Court of Civil Appeals of Texas. Austin.
July 24, 1940.

Rehearing Denied Sept. 25, 1940.

Baker & Baker, of Coleman, for appellants.

E. M. Critz, of Coleman, for appellees.

BAUGH, Justice.

On May 16, 1930, Dale Smith obtained a judgment, recited therein to be upon citation by publication, against R. P. Lightfoot and J. M. Senter, for the sum of $1,806.05, upon a verified account accruing in 1921 and 1922. On December 27, 1938, he caused to be issued an execution, directed to the Sheriff of Jack County, Texas, to be levied upon lands belonging to J. M. Senter, situated in Jack County. This, according to the testimony, was the first time that either Senter or Lightfoot knew of the existence of said judgment.

On January 12, 1939, Lightfoot and Senter filed this suit in the District Court of Coleman County, against Dale Smith, as a direct attack upon the judgment of May 16, 1930, on the ground that said judgment was void, sought to have it set aside on numerous grounds; and to enjoin the Sheriff of Jack County from the sale of Senter's lands under said execution.

The case was tried to the court without a jury, and judgment entered herein on April 12, 1939, granting the relief prayed for; hence this appeal. The trial court in its judgment herein found that the citation upon which the 1930 judgment was entered was fatally defective, and that the court had no jurisdiction over the persons of the defendants therein to sustain that judgment.

Appellants present several assignments and propositions thereunder, but in none of them do they contend that the 1930 judgment was not void for want of legal service on the defendants. All of their propositions are directed to the contention that under the undisputed facts the appellees herein, plaintiffs below, were barred by both the two and four-year limitation statutes, Art. 2236 and 5529, R.C.S.1925, from attacking the 1930 judgment. This on the ground that eight years and eight months had

transpired since the date of that judgment before the instant suit was brought to set it aside.

We find it unnecessary to discuss these issues at length. Manifestly, Art. 2236 has no application. It is now settled that as against a suit constituting a direct attack upon a void judgment, the four-year statute of limitation applies. Levy v. Roper, 113 Tex. 356, 363, 256 S.W. 251, and cases there cited.

It now seems settled, however, that where the judgment is procured by fraud, or there is a total lack of service, this period of limitation does not expire until four years after the fraud was discovered, or in the exercise of reasonable diligence should have been discovered; and in cases where no citation was had, or where citation by publication was fatally defective, as the trial court found in the instant case, the action would be barred at the expiration of four years after the defendant discovered, "or by the use of reasonable diligence might have discovered, the existence of the judgment." Foust v. Warren, Tex.Civ.App., 72 S.W. 404, 405, 407; Stewart v. Robbins, 27 Tex.Civ.App. 188, 65 S.W. 899; Dashner v. Wallace, 29 Tex.Civ.App. 151, 68 S.W. 307; Swearingen v. Swearingen, Tex.Civ.App., 193 S.W. 442; Levy v. Roper, 113 Tex. 356, 363, 256 S.W. 251; 25 Tex.Jur. § 227, p. 644. No contention is made that the appellees did not show sufficient grounds to set aside the 1930 judgment; nor that they did not have a meritorious defense against that suit at the time it was heard.

While there is some contention of want of diligence on the part of the appellees in not sooner discovering the existence of the 1930 judgment; the evidence was amply sufficient to sustain a finding by the trial court that there was no lack of diligence in discovering the existence of that judgment; and that nothing occurred to put the appellees upon notice or inquiry of the existence of the 1930 suit, until the property of Senter in Jack County was levied upon. In any event, the trial court in the instant case having rendered judgment setting aside that judgment and against Dale on his pleas of limitation, it must be presumed that he found this fact issue against such contention; and there being ample evidence to sustain such finding, it is, of course, binding upon us.

The contention of the appellants that the appellees were barred by limitation from attacking said judgment not being tenable, and that being the only issue presented on this appeal, the judgment of the trial court is in all things affirmed.

Affirmed.