### TAYLOR et ux. v. BATTE et al.

### No. 9009.

Court of Civil Appeals of Texas. Austin.

Dec. 11, 1940.

acres of land in Milam County; for damages for conversion of approximately $14,000 worth of personal property; for exemplary damages; and to set aside a judgment in favor of Batte against them for said lands rendered in May, 1931. This suit was filed in April, 1939. The trial court overruled appellants' motion to disqualify the trial judge from hearing the cause; their motion to change the venue of the case; their motion for a continuance; and rendered judgment that plaintiffs take nothing; hence this appeal.

The two contentions presented are that the trial court erred in overruling the motions above mentioned. That is, (1) that the trial judge was disqualified; (2) that they were entitled to a change of venue.

■ The case was tried to the court without a jury, and no statement of facts accompanies the record. Because of the unusual allegations of appellants' petition, we have carefully examined all pleadings shown in the record and the trial court's action thereon. The plaintiffs' (appellants) pleadings seek a threefold remedy: (a) recovery of title to the lands; (b) damages for conversion by defendants of personal property in 1928 and 1929; and (c) to set aside a judgment of the district court obtained by Batte against the appellant, Henry Taylor, for title to said lands in 1931. As stated, this suit was not filed until April, 1939, at least eight years after the wrongs complained of. The defendants interposed, among other defenses, pleas of limitation. It is manifest, we think, from plaintiffs' own pleadings, that in order to recover title it was necessary for them to set aside the district court judgment against Henry Taylor, rendered in 1931. Manifestly a suit filed in 1939 for conversion of personal property in 1931, in the absence of any allegations of facts sufficient to toll the applicable statutes of limitation, would be subject to such plea. Likewise the attack on the 1931 judgment comes too late, there being no allegation that Henry Taylor did not know of such judgment at the time that it was rendered against him; and it affirmatively appearing from his own pleadings that he at all times thereafter knew all the facts and circumstances which he now asserts as grounds for setting that judgment aside. See Levy v. Roper, 113 Tex. 356, 256 S.W. 251; Smith v. Lightfoot, Tex.Civ.App., 143 S.W. 2d 151. Notwithstanding this, however, we have given full consideration to the con-

Ray Holder, of Dallas, for appellants.

Camp & Camp, of Rockdale, and O. L. Kidd and Roy Baskin, both of Cameron, for appellee.

BAUGH, Justice.

Suit was by appellants against Batte and others in trespass to try title to about 300

tentions made by appellants, and have concluded that neither of them should be sustained.

On the issue of disqualification of the trial judge, the record discloses the following: On May 10, 1939, appellants filed a motion alleging as grounds for such disqualification substantially the following: That at the time Henry Taylor obtained a loan against said lands (alleged to have been for the benefit of R. L. Batte) in March, 1928, from the Federal Land Bank, he did so through the Cameron National Farm & Loan Association, a subsidiary of the Federal Land Bank, of which former named organization the trial judge was then secretary, a stockholder in and attorney for said local Loan Association, and interested in said loan; that said local organization participated in the alleged fraud through which said loan was procured; that it is a party to the instant suit, and that the damages sought against it, if recovered, would be a charge against such corporation in which the trial judge would be interested. That he was therefore disqualified to hear this suit under the provisions of Art. 15, R.C.S.1925. This motion was duly controverted, both as to the facts alleged and the law applicable thereto, by written pleadings of the defendants. Amended motion of like effect was filed by plaintiffs on July 31, 1939.

■ There is nothing in the record to show that these motions were ever called to the attention of the trial court or ever acted upon by him. The judgment rendered makes no mention of them and no exceptions were taken by plaintiffs to any failure of the trial court to act upon them. If said motions be deemed to have been overruled, the facts alleged therein having been duly controverted, an issue of fact requiring the hearing of evidence thereon was presented by such pleadings. The mere allegations in the motion were not sufficient to establish the judge's disqualification, and in the absence of any statement of facts we must presume that the trial judge found such facts against the plaintiffs. Slaven v. Wheeler, 58 Tex. 23; Henderson v. Lindley, 75 Tex. 185, 188, 12 S.W. 979; Wright v. Sherwood, Tex.Civ. App., 37 S.W. 468, writ refused.

The next proposition complains of the action of the trial court in overruling appellants' motion for a change of venue. The motion, verified by both appellants, asserted "that there exists in Milam County, Texas, * * * a combination against them instigated by influential persons by reason of which they cannot expect a fair and impartial trial." No persons, however, were named. The motion further stated that "they and each of them are in fear of losing their lives, or, of suffering serious bodily harm, if they should come within the jurisdiction of the court of Milam County, Texas; that their lives have been threatened by the defendants herein heretofore, and that this fear is now present and is real in the minds of these plaintiffs and exists in reality."

Attached to such motion were the affidavits of five persons stating that such affiants knew Henry and Ella Taylor; that they had read the affidavit of Henry and Ella and believed "that the grounds for the change of venue stated in said affidavit is true and correct and that they do in fact exist."

This application for change of venue was filed on July 31, 1939, and was controverted by a counter-affidavit made by six affiants jointly, filed on September 4, 1939. Hearing was had on this motion on October 23, 1939, and in the order overruling the court recited: "Thereupon the plaintiffs' said motion for a change of venue was called and all parties announced ready for a trial thereof." The order further recites that after hearing plaintiffs' evidence on their said motion, he found same "wholly insufficient to sustain the same." There is no statement of facts, nor anything in the record by bills of exception or otherwise, to show what evidence was before the court on this hearing.

■ The affidavits for change of venue having been controverted by the defendants as contemplated by the provisions of Art. 2171, R.C.S., the controversy thus presented invoked the discretion of the trial court to be exercised after such hearing. It is only where such discretion is shown to have been abused, that the appellate court will disturb his action. See 43 Tex. Jur., § 58, p. 779, and cases cited in footnotes. There being no record of the evidence heard by the trial court, it is manifest that we cannot disturb his action.

Finding no error in the record presented to us, the judgment of the trial court is affirmed.