## LICATA v. CAPPADONA.

### No. 11280.

Court of Civil Appeals of Texas. Galveston.

Nov. 13, 1941.

Vincent Licata and L. R. Patton, both of Galveston, for appellant.

No brief filed for appellee.

MONTEITH, Chief Justice.

On April 7, 1932, appellee, Joe Cappadona, obtained a judgment against Ed Licata in the county court of Galveston County upon a note for the sum of $500, bearing date June 6, 1929, payable to the order of appellee. On March 26, 1941, appellant, Ed Licata, filed a motion in the county court of Galveston County alleging that said judgment was void for the reason that appellee in his original petition upon which said judgment was based alleged that appellant, Ed Licata, and his wife, Bernada Licata, were jointly liable to appellee and that judgment was rendered against appellant alone.

On motion of appellee the court sustained his general demurrer and special plea of the four years' statute of limitation to appellant's motion. Appellant appeals from the action of the court in sustaining said pleas.

It is now the established law in this state that the four-year statute of limitation, Article 5529, Revised Statutes, which was properly invoked by appellee, interposes an insuperable obstacle to appellant's maintenance of a direct motion to vacate the judgment rendered against him on April 7, 1932. Levy v. Roper et al., 113 Tex. 356, 256 S.W. 251; Smith et al. v. Lightfoot et al., Tex. Civ.App., 143 S.W.2d 151.

It is undisputed that appellant had personal knowledge of the filing of appellee's suit and of the rendition of said judgment. No attempt is made to excuse the delay in filing said motion to set aside such judgment and no grounds for equitable relief are set up which would authorize this court to find that the four-year statute of limitation was inapplicable.

Finding no error in the record, the judgment of the trial court will be in all things affirmed.

Affirmed.