**HATCH et al. v. KUBENA et al.**

No. 9524.

Court of Civil Appeals of Texas. Austin.

Oct. 24, 1945.

Rehearing Denied Nov. 7, 1945.

Fertsch & Fertsch, of Hallettsville (by Marvin Fertsch, of Hallettsville), for appellants.

Moss & Moss, of LaGrange, for appellees.

BAUGH, Justice.

Appellants sued appellees in trespass to try title to 57 acres of land in Fayette County, Tex., specifically alleging that the claim asserted by appellees to said land was by virtue of a tax judgment, sale and deed thereunder, and that same were void. The appellees, in addition to pleas of not guilty and of limitation, by cross-action asserted title under their tax deed. The trial court denied appellants any relief and decreed title in appellees; hence this appeal.

Two issues are presented:

1. Whether the tax foreclosure and deed thereunder were void; and

2. Whether appellants' cause of action, if any they had, was barred by the four years statute of limitation.

The following facts appear to be without controversy: Appellants are negroes. Robert Hatch, husband of Narcissus, was born and reared on said property and inherited it from his parents, as his separate property in April, 1916, married Narcissus in December, 1916, and they occupied and used same continuously thereafter as their homestead until they were ejected on August 31, 1944. This suit was filed on September 1, 1944. They permitted all taxes for the years 1927, 1929, 1931, 1932, 1933, 1935 and 1936 (State, County, School, and Special Road taxes), to become delinquent; and the State in a suit against Robert Hatch only, recovered a judgment against him therefor in the sum of $175.77 and $9.53 court costs, fixing and foreclosing a lien on said property, under which it was advertised and sold and conveyed to Lucy Kubena, wife of John A. Kubena, who was then County Clerk of Fayette County, on a bid therefor of $210 cash. The record affirmatively shows, however, that there was included in the judgment, as constituting a lien on the homestead the sum of $19.50 for poll taxes levied against both Robert and Narcissus Hatch. The judgment entered on May 30, 1938, also gave Robert Hatch two years from the date of the sale (which was October 6, 1938) in which to redeem the property. This he failed to do and was ejected therefrom by the Sheriff on August 31, 1944. Meantime, however, he continued to live on said property, rendered it in his name for taxes in 1943 and 1944, and paid the taxes on it for 1943. It was unrendered for the years 1939–1942.

It is first contended that under these facts and circumstances Narcissus Hatch, who had a homestead interest in the property, was a necessary party to the tax suit, and that the tax judgment was therefore void; and, secondly, that foreclosure of the lien on the homestead for poll taxes also rendered the entire judgment void.

The general rule is that the wife is not a necessary party to suit to foreclose a lien for taxes on the homestead. City of San Antonio v. Berry, 92 Tex. 319, 48 S.W. 496; Jergens v. Schiele, 61 Tex. 255; Cooley v. Miller, Tex.Com.App. 228 S.W. 1085, 1086; 22 Texas Jur., § 17, p. 32; 40 Tex.Jur., § 167, p. 234. And as stated in Cooley v. Miller, in determining whether she is a necessary party to such suit "the test laid down by our Supreme Court is whether the plea of homestead would in itself be a defense to the suit," citing numerous authorities. Insofar as the poll taxes were concerned, the homestead exemption, though not set up by her husband, would undoubtedly have been a complete defense. Since her homestead rights were involved, and the property was exempt from a portion of the tax levied and the lien sought to be foreclosed, she was entitled, independent of Robert Hatch's default, to have same adjudicated, and was therefore, we think, a necessary party to the suit as brought. However, being exempt by the Constitution from such a lien for such a tax (Art. 16, § 50, Vernon's Ann.St.), the court was without jurisdiction to foreclose such lien therefor, and its judgment undertaking to do so was, at least to that extent, void for want of jurisdiction, not only as to Narcissus, but as to Robert Hatch as well. Higgins v. Bordages, 88 Tex. 458, 31 S.W. 52, 31 S.W. 803, 53 Am.St.Rep. 770; 25 Tex.Jur., § 306, p. 802. While the judgment itself does not recite that poll taxes were included therein, but merely sets out without segregation the total of all taxes claimed, which included poll taxes, for all of which the tax lien was foreclosed, on the issue of jurisdiction the pleadings constitute a part of the judgment record. 25 Tex.Jur., § 259, p. 703; § 325, p. 844; § 174, p. 572. The record of the tax foreclosure suit does not affirmatively disclose the homestead character of the property, but the pleadings do indicate its homestead character. Even if they had not, however, forced sales of homesteads for other than the purposes authorized by the Constitution are void and subject to collateral attack "even though the homestead character of the property is not affirmatively disclosed by the record." 25 Tex.Jur., § 307, p. 805; Cline v. Niblo, 117 Tex. 474, 8 S.W.2d 633, 66 A.L.R. 916.

The next question presented is whether or not the tax judgment is void in toto, or only as to that portion which the court had no jurisdiction to render. There are many cases holding that a judgment may be void in part and valid in part, and sustainable as to that portion which is valid. See 25 Tex.Jur., § 255, p. 695, and cases cited in the footnotes. A careful review of these cases fails to disclose that the exact issue here presented was therein decided. Most of them involve instances where there were several defendants, some of whom

were served and some not· served with citation; or severable causes of action existing against the different defendants; or where the void portion of the judgment was distinct and severable from the valid portion. See particularly State Mortg. Corp. v. Ludwig, 121 Tex. 268, 48 S.W.2d 950; Levy v. Roper, 113 Tex. 356, 256 S.W. 251; Cooksey v. Jordon, 104 Tex. 618, 143 S.W. 141; Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325. None of those cases, however, involved the homestead issue here presented; nor a judgment similar to that herein appealed from.

On the other hand, the exact question here presented was before the Dallas Court of Civil Appeals in Tate v. McGraw, Tex. Civ.App., 70 S.W.2d 467, 469, wherein the judgment foreclosed a lien on a homestead for poll taxes as well as for ad valorem taxes, and that court held "that the attempted foreclosure as to these was without jurisdiction and that the order of sale and the sheriff's deed thereunder, were void and passed no title"; and reversed and rendered judgment accordingly.

Appellees rely, as apparently did the trial court, in support of the judgment, particularly on Levy v. Roper, supra; Crawford v. McDonald, supra; and Orr v. Wallace, Tex.Civ.App., 285 S.W. 650, aff'd in Tex.Com.App., 296 S.W. 871; and more recent cases following the holdings therein. That is, that where a judgment, regular on its face, recites the jurisdictional facts essential to its validity, such recitals import absolute verity and are immune to collateral attack. This rule is particularly applicable in cases where no service was had on the defendant, but the judgment recites service. See Stewart v. Adams, Tex.Civ.App., 171 S.W.2d 180, and numerous cases therein collated. Such rule, however, as stated by Judge Denman in Crawford v. McDonald is predicated on grounds of public policy and the necessity, emphasized in that case, of resort to evidence dehors the record to establish such invalidity. But this rule does not apply where the record itself affirmatively shows, as it does in the instant case, that the court lacked jurisdiction under the constitution itself to foreclose a lien for delinquent poll taxes. A careful comparison of the Tate case with the Supreme Court decisions holding a judgment, regular on its face, immune to collateral attack, does not show a conflict, for the reason that the face of the record itself, without resort to evidence aliunde, discloses the fatal lack of jurisdiction.

The next question presented is whether appellants were barred by limitation from asserting the invalidity of the tax judgment. Clearly we think they were not. Appellees in addition to other pleas, by cross-action affirmatively asserted title to the land solely under the tax judgment. The court so decreed. They had and claimed no other source of title. It may also be observed that no question of innocent purchaser is involved. The purchasers under the tax foreclosure knew at the time they purchased that the property was the homestead of appellants and was then and thereafter used and occupied by them as such. They did not, after such purchase, at any time render said property for taxes nor pay any taxes thereon. On the contrary appellants did render same for taxes in their own name, and in 1943 paid taxes on an assessed valuation of $1,400. The appellees bought at foreclosure on a bid of $210. Obviously, under such circumstances they acquired no equities. Nor were appellants required either to redeem the property purchased by appellees under a void judgment; nor to bring suit to set same aside. Having received no benefits from such judgment appellants were not estopped to attack it. "And when some right is asserted under the judgment, its invalidity may be pointed out by anyone in any kind of proceeding, in any court, and at any time." 25 Tex. Jur., § 252, p. 686, and numerous cases cited in support of such text. 31 Am.Jur. § 430, p. 91. This case does not present an instance of a valid judgment entirely regular on the face of the record, wherein the sale thereunder was irregular, as was true in Brown v. Bonougli, 111 Tex. 275, 232 S.W. 490; nor where jurisdictional facts are recited in the judgment, as in Crawford v. McDonald and Levy v. Roper, supra; but one where the record itself, without resort to evidence aliunde, affirmatively shows its invalidity. Consequently appellees acquired no rights under such judgment; and appellants having remained in possession, limitation did not run against them. Texas Co. v. Davis, 113 Tex. 321, 254 S.W. 304; State Mortg. Corp. v. Ludwig, 121 Tex. 268, 48 S.W.2d 950. The trial court therefore erred in rendering judgment for appellees and against appellants

for title to said lands. The appellants offered to do equity and to reimburse appellees for moneys paid out by them in good faith under the tax foreclosure. This amount was not found by the court, nor definitely established by the evidence. The judgment is therefore reversed with instructions to the trial court to render judgment for appellants against appellees for title to and possession of said lands; and in favor of appellees against appellants, under their offer to do equity, for the amount found by the trial court to have been expended by appellees in good faith in the purported tax sale.