

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00025-CV

———————————————

CROWN BAY MANAGEMENT, LLC D/B/A LAKESHORE VILLAGE
APARTMENTS, Appellant

V.

SURFACE WORKS, INC. D/B/A SURFACE CONNECTION AND WELLS
FARGO BANK, N.A., Appellees

On Appeal from County Court at Law No. 2
Tarrant County, Texas
Trial Court No. 2020-002577-2

Before Bassel, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

In this garnishment action, we are asked to determine whether the trial court that entered the underlying default judgment had personal jurisdiction over a Georgia company. We conclude that because the record surrounding the entry of the default judgment affirmatively revealed a jurisdictional defect, the resulting garnishment judgment founded on the default judgment must be reversed.

## I. BACKGROUND

### A. DEFAULT JUDGMENT

Appellee Surface Works, Inc. d/b/a Surface Connection (a Texas corporation) filed a suit on a sworn account, a quantum meruit claim, and a breach of contract claim against appellant Crown Bay Management d/b/a Lakeshore Village Apartments (a Georgia company) and LVA Holdings d/b/a Lakeshore Village Apartments (a South Carolina company) in Tarrant County, Texas. Surface Works alleged that it had contractually sold and provided resurfacing products to Crown Bay and LVA to be used at LVA's South Carolina apartments, which Crown Bay managed. Crown Bay and LVA had allegedly failed to pay Surface Works approximately $20,000 under the contract. Because Crown Bay and LVA did not have a registered agent for service in Texas, Surface Works served them through the Texas Secretary of State, who then sent the citations to Crown Bay's address in Georgia and to LVA's address in South Carolina. *See* Tex. Bus. Orgs. Code Ann. §§ 5.251–.254; Tex. Civ. Prac. & Rem. Code

2

Ann. §§ 17.044–.045. When neither answered the suit, Surface Works successfully sought a default judgment. *See* Tex. R. Civ. P. 239, 241.

## B. GARNISHMENT JUDGMENT

Seven months later, Surface Works filed an application for writ of garnishment against Crown Bay's and LVA's checking accounts with appellee Wells Fargo Bank, N.A. *See* Tex. R. Civ. P. 658. The trial court clerk issued the writ of garnishment directed to the garnishee—Wells Fargo. *See* Tex. R. Civ. P. 659. Wells Fargo answered and stated that it was withholding the judgment amount from Crown Bay's account, which contained $81,693.33.[1] *See* Tex. R. Civ. P. 665.

On the same day that Wells Fargo answered the writ, Crown Bay and LVA filed a declaratory-judgment action in Georgia against Surface Works and Wells Fargo, seeking a declaration that they had not owed any amounts on the account and a permanent injunction of any collection efforts. They also raised a breach-of-contract claim based on their vendor agreement with Surface Works. The Georgia trial court entered an ex parte temporary restraining order that restrained Wells Fargo from freezing the funds. But after a hearing, the Georgia court denied Crown Bay and LVA's motion for a preliminary injunction, concluding that they had not shown irreparable harm, a likelihood of success on the merits of their case, or the absence of any other available remedy.

---

[1]Although LVA had a Wells Fargo account, it contained insufficient funds to satisfy the judgment—$4,032.36.

Surface Works then moved for judgment on its writ. *See* Tex. R. Civ. P. 668. Crown Bay filed a petition to intervene and a motion to dissolve the writ of garnishment, arguing that because the trial court had not had sufficient personal jurisdiction over it to enter the default judgment, the judgment was void and therefore could not be the basis for a garnishment judgment. *See* Tex. R. Civ. P. 664a. Notably, Crown Bay did not attempt to directly attack the default judgment through a restricted appeal or a bill of review. *See generally* Tex. R. App. P. 26.1(c) (setting six-month deadline to directly attack a judgment in a restricted appeal); Tex. R. Civ. P. 329b(f) (providing for direct attack on judgment through equitable bill of review after plenary power has expired); *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 275 (Tex. 2012) (characterizing bill of review as direct attack on default judgment); *Garcia v. Ennis*, 554 S.W.3d 209, 213–16 (Tex. App.—Fort Worth 2018, no pet.) (discussing bill of review used as direct challenge to default judgment allegedly entered without proper service of citation on defendant).

After an evidentiary hearing, the trial court denied Crown Bay's motion to dissolve the writ of garnishment and granted Surface Works' motion for judgment, ordering that Surface Works could recover the default-judgment amount from Wells Fargo. *See* Tex. R. Civ. P. 668. The trial court also entered findings of fact and conclusions of law that Crown Bay had minimum contacts with Texas sufficient for the trial court to have exercised personal jurisdiction and to have entered the default

4

judgment. Thus, the trial court concluded that at the time the writ of garnishment was issued, Surface Works had a valid judgment against Crown Bay.

## II. COLLATERAL ATTACK: WAS THE DEFAULT JUDGMENT VOID?

On appeal, Crown Bay argues that the trial court erred by entering judgment on the writ of garnishment because the default judgment, upon which the writ was based, was void for a lack of personal jurisdiction based on Crown Bay's lack of minimum contacts in Texas. In short, Crown Bay is collaterally attacking the default judgment. *See PNS Stores*, 379 S.W.3d at 272.

### A. REVIEW PARAMETERS

A judgment is void and may be collaterally attacked at any time when "the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010); *see also Fleming v. Seeligson*, 57 Tex. 524, 531 (1881) (noting sole issue in collateral attack is whether judgment was void). If a personal-jurisdiction defect implicates due process, the judgment will be void and cannot be used to support a writ of garnishment. *See PNS Stores*, 379 S.W.3d at 272; *Kelly v. Gibbs*, 19 S.W. 563, 563 (Tex. 1892) (op. on reh'g); *Amato v. Hernandez*, 981 S.W.2d 947, 950 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (op. on reh'g). But if a personal-jurisdictional defect does not implicate due process, e.g., there was a lack of proper service of process, the judgment

5

is merely voidable and is not subject to a collateral attack. *See Joiner v. Vasquez*, 632 S.W.2d 755, 757 (Tex. App.—Dallas 1981, no pet.).

In a collateral attack of an allegedly void judgment, the judgment is presumed valid unless the record affirmatively reveals a jurisdictional defect. *PNS Stores*, 379 S.W.3d at 273. This presumption extends to the fact that "the parties have been properly brought into court." *State Mortg. Corp. v. Ludwig*, 48 S.W.2d 950, 954 (Tex. 1932). We may not consider extrinsic evidence in determining the affirmative presence of a jurisdictional defect. *See York v. State*, 373 S.W.3d 32, 41 (Tex. 2012); *White v. White*, 179 S.W.2d 503, 504–05 (Tex. [Comm'n Op.] 1944); *Levy v. Roper*, 256 S.W. 251, 253 (Tex. 1923) (quoting *Crawford v. McDonald*, 33 S.W. 325, 328 (Tex. 1895)); *Stockyards Nat'l Bank v. Presnall*, 194 S.W. 384, 384 (Tex. 1917); *see also PNS Stores*, 379 S.W.3d at 273; *In re Blankenship*, 392 S.W.3d 249, 257 (Tex. App.—San Antonio 2012, no pet.).

## B. PERSONAL JURISDICTION

Crown Bay bases its personal-jurisdiction argument on evidence it largely adduced at the trial court's hearing on its motion to dissolve the writ and on Surface Works' motion to render judgment on the writ, specifically: (1) Crown Bay's corporate counsel's testimony at the hearing that Crown Bay is not registered to do business in Texas and does not conduct any business in Texas; (2) Surface Works' credit manager's testimony at the hearing that she called and emailed Crown Bay and LVA from Texas to attempt to collect the monies due and that their orders had been either

called in or emailed to Surface Works in Texas; (3) the evidence at the hearing showing that the only contact with Texas was Crown Bay's contracting with a Texas resident—Surface Works; and (4) Surface Works' failure to allege jurisdictional facts in its original suit.

As we explained, Crown Bay must establish that the default judgment was void based on the record as it stood at the time the default judgment was rendered. Accordingly, any evidence adduced in Crown Bay's collateral attack—in connection with its postjudgment motion to dissolve the writ as an intervenor—is not considered. *See Mitchell v. Map Res., Inc.*, 615 S.W.3d 212, 220 (Tex. App.—El Paso 2020, pet. pending) (plurality op.) ("[A] court may consider the entire record of the prior proceedings, but it remains confined thereto and may not consider evidence outside that record."); *Holloway v. Starnes*, 840 S.W.2d 14, 18 (Tex. App.—Dallas 1992, writ denied) ("In a collateral attack, extrinsic evidence may not be used to establish a lack of jurisdiction."); *cf. In re D.L.S.*, No. 05-08-00173-CV, 2009 WL 1875579, at *2 (Tex. App.—Dallas July 1, 2009, no pet.) (mem. op.) (holding because extrinsic evidence cannot be considered, "[a] collateral attack fails if the judgment contains jurisdictional recitals, even if other parts of the record show a lack of jurisdiction"; thus, "jurisdictional recitals in a judgment that is regular on its face import absolute verity and can be attacked only directly, not collaterally").

Accordingly, we focus on the record surrounding the default judgment. To establish a personal-jurisdictional defect sufficient to render the default judgment

7

void, this record must "expose[] personal jurisdictional deficiencies as to violate due process." *PNS Stores*, 379 S.W.3d at 273. Surface Works alleged in its petition that it was a Texas corporation; that Crown Bay had its principal place of business in Georgia, did not maintain a registered agent in Texas, and could be served through the Texas Secretary of State; and that all the events giving rise to Surface Works' claims arose in Tarrant County. Surface Works also alleged that Crown Bay had contracted with Surface Works for goods and services; Surface Works provided the goods and services to Crown Bay between March 2, 2018, and May 24, 2019; Surface Works timely presented its claims for payment to Crown Bay; Crown Bay failed to pay; and all of these events occurred in Texas. The trial court clerk issued citation to Crown Bay, and the affidavit of service shows that Crown Bay was served through the Texas Secretary of State. The Texas Secretary of State certified that Crown Bay received the citation on July 29, 2019.

On August 27, 2019, Surface Works moved for a default judgment after Crown Bay failed to appear. It attached a certificate that Crown Bay's last known mailing address was in Georgia at the address to which the Texas Secretary of State had previously forwarded the citation. On September 9, the trial court signed the default judgment and found that Crown Bay "although having been duly and legally cited to appear and answer, failed to appear and answer, and wholly made default."

We agree with Crown Bay that this record evidence affirmatively shows a jurisdictional defect, allowing Crown Bay to collaterally attack the default judgment in

8

the subsequent garnishment proceeding. Personal jurisdiction is either general or specific. For specific jurisdiction, a defendant must purposefully avail itself of the privilege of conducting business in Texas, and we focus on the quality of a defendant's contacts with Texas as a whole. *See Furtek & Assocs., L.L.C. v. Maxus Healthcare Partners, LLC*, No. 02-15-00309-CV, 2016 WL 1600850, at \*4 (Tex. App.—Fort Worth Apr. 21, 2016, no pet.) (collecting cases).

The record before the trial court when it entered the default judgment showed that Crown Bay, a Georgia limited-liability company, had contracted with Surface Works, a Texas corporation; that Surface Works had shipped the contracted-for goods to LVA in South Carolina; and that Surface Works unsuccessfully sought payment under the contract for over one year. Courts have consistently held that a nonresident buyer who orders goods from a Texas seller, who then ships those goods to the buyer in another state, is not subject to specific jurisdiction based on the contract. *See, e.g.*, *U-Anchor Advert., Inc. v. Burt*, 553 S.W.2d 760, 762–63 (Tex. 1977); *Gulf Coast Int'l, L.L.C. v. The Rsch. Corp. of the Univ. of Haw.*, 490 S.W.3d 577, 585–86 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). *See generally Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478, 105 S. Ct. 2174, 2185 (1985) ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot."). Surface Works' alleged collection efforts in Texas do not change this result. *See, e.g.*, *Furtek & Assocs.*, 2016 WL 1600850, at \*5; *Max Protetch,*

9

*Inc. v. Herrin*, 340 S.W.3d 878, 886 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Internet Advert. Grp., Inc. v. Accudata, Inc.*, 301 S.W.3d 383, 389–90 (Tex. App.—Dallas 2009, no pet.). And the alleged contacts with Texas certainly do not satisfy the more demanding general-jurisdiction inquiry, which requires continuous and systematic general business contacts with Texas.[2] *See, e.g., Furtek & Assocs.*, 2016 WL 1600850, at *7–8.

Although we are to presume that Crown Bay was properly haled into Texas and that the default judgment was thus valid, these presumptions fail here because the record shows the opposite. *See PNS Stores*, 379 S.W.3d at 273; *State Mortg.*, 48 S.W.2d at 954.

### III. CONCLUSION

The record before the trial court at the time the default judgment was entered affirmatively revealed a jurisdictional defect—a lack of personal jurisdiction that violated due process—rendering the default judgment void. Thus, the trial court erred by denying Crown Bay's motion to dissolve the writ in the subsequent garnishment proceeding and by rendering a garnishment judgment founded on the void default judgment. We reverse the trial court's garnishment judgment and render

---

[2]Even if we considered the jurisdictional evidence adduced at the hearing on Crown Bay's motion to dissolve, this evidence did not establish specific or general jurisdiction over Crown Bay. *See, e.g., U-Anchor*, 553 S.W.2d at 763; *Furtek & Assocs.*, 2016 WL 1600850, at *5–8; *TeleVentures, Inc. v. Int'l Game Tech.*, 12 S.W.3d 900, 908–09 (Tex. App.—Austin 2000, pet. denied).

judgment dissolving the writ of garnishment and discharging the garnishee.  *See* Tex.

R. App. P. 43.2(c).

/s/ Brian Walker

Brian Walker
Justice

Delivered:  January 27, 2022

11