## M. A. HARRIS v. W. E. HARRIS.

Decided April 11, 1908.

**Practice—Judgment on Last Day of Term—Rule 66.**

The rendition of a judgment by the court on the last day of the term, in violation of rule 66 for the District Courts, would ordinarily be ground for reversal whether any special injury resulted thereby to appellant or not, but to have this effect it must appear that timely objection was made and exception taken. The objection must be made before the judgment is rendered. A party will not be allowed to speculate on what the judgment will be and raise the point only after an adverse judgment is rendered.

Appeal from the District Court of Gregg County. Tried below before Hon. R. B. Levy.

*E. M. Bramlette* and *Howard & Cunningham,* for appellant.—The action of the court in rendering its decision in the case was in direct violation of Supreme Court rule No. 66 which forbids the rendition of judgment in such cases as this upon the last day of the term, unless the case is continued after submission by consent of the parties placed on the record. Rules of the Supreme Court, Numbers 65, 66 and 121 (General Rule No. 1); Camoron v. Thurmond, 56 Texas, 22; Glenn v. Kimbrough, 70 Texas, 147; New England Land Co. v. Chamberlain, 70 Texas, 138; Ratcliff v. State, 29 Texas Crim. App., 248; Sayles' Texas Civil Practice, vol. 1, page 587, title 623.

*Turner & Campbell,* for appellee.

REESE, ASSOCIATE JUSTICE.—This is an appeal from a judgment in favor of the plaintiff in a divorce case. The cause was tried by the court without a jury. It was submitted May 3, 1907, and taken under advisement and judgment thereafter rendered and entered on June 1, which was the last day of the term.

There is no statement of facts nor conclusions of law or facts in the record. The sole question presented is the alleged error in rendering judgment on the last day of the term, the cause having been submitted more than three days before, in violation of rule 66.

It does not appear, nor is it claimed by appellant, that she has suffered any special injury or prejudice by the action of the court. No objection was made to the court's taking the case under advisement nor to the long delay in rendering judgment, and no effort was made to have the court render judgment at an earlier day. It is recited in the judgment that "defendant excepts to the judgment," but this was a mere formal and, though usual, unnecessary exception to the judgment itself. There appears in the record the following bill of exceptions:

"The said case being submitted on the law and facts to the court on the 3d day of May, A. D. 1907, and the same being under advisement of the court for more than two days, the court took up and rendered his decision in said case on the last day of said term of court, to which action defendant objected in open court and here and now in open court objects, and tenders this their bill of exceptions No. 1 and pray that the same may be examined, signed and by the court approved and ordered filed as part of the record in this cause." Which was approved and filed on June 1st.

Appellant also made a motion for new trial, one of the grounds of which was the error of the court in rendering judgment on the last day of the term, and took a bill of exceptions to the order overruling the motion.

Rule 66 for the District Court is as follows: "A cause that has been submitted for trial to the judge on the law and facts shall be determined and judgment rendered therein during the term at which it has been submitted, and at least two days before the end

of the term if it has been tried and submitted one day before that time, unless it is continued, after such submission for trial, by the consent of the parties placed on the record, and in such event a statement of facts and bills of exception shall be prepared and filed upon a request in writing by either party."

We agree with the contention of appellant that a violation of this rule would be ground for reversal, whether any special prejudice or injury is shown to have resulted to appellant thereby or not, but to have this effect it must appear that timely objection was made and exception taken. The delay in rendering judgment in this case after submission appears to have been unreasonable, but no objection was interposed to the court's action in taking the case under advisement, nor was any attempt made to have the court render judgment at an earlier date. This, however, would not have prejudiced appellant's rights if it appeared that specific objection was made to the rendition of the judgment on the last day of the term, before the judgment was in fact rendered. Appellant could not sit by and allow the judgment to be rendered, without objection, and then make her objection after she discovered that the judgment was adverse to her. She could not thus speculate upon the chances of a judgment favorable to herself, and, finding that it was adverse, make an objection which would not have been made if the judgment had been in her favor. It must appear that the rendition of any judgment for the reasons indicated was objected to, and not the rendition of an adverse judgment only. If the bill of exceptions taken had shown that appellant, in fact, before the judgment was announced, had objected to the rendition of any judgment, or that she had not opportunity to do so, we think it would have required a reversal of the judgment. (Camoron v. Thurmond, 56 Texas, 26.) But appellant would be required to show clearly that the objection was made before the rendition of the judgment, or that she had not had opportunity to so object, and to repel any presumption that she speculated upon the chance of a judgment in her favor, by reserving her objection until apprized by the rendition of the judgment that it was adverse. It does not appear from the bill of exception that this was done. It is an entirely reasonable construction of the language of the bill that the objection was not made until after the rendition of the judgment, and in support of the correctness of the action of the court we must presume that such was the case, the contrary not appearing. The bill of exceptions was prepared by appellant's counsel. If it was a fact that the objection was made to the rendition of any judgment, interposed before the same was, in fact, rendered, or that she had not had opportunity to make such objection, it should have been clearly so stated. We must presume that if this had been done the court would not have rendered the judgment on the last day of the term. The assignments of error are overruled, and the judgment affirmed.

*Affirmed.*

Writ of error dismissed for want of jurisdiction.