KNIGHT et al. v. ENGLAND et al.†
(No. 1446.)

(Court of Civil Appeals of Texas. Texarkana. April 15, 1915. Rehearing Denied April 22, 1915.)

1. APPEAL AND ERROR ☞1002 — REVIEW — FINDINGS.

A finding of fact by the trial court will not be disturbed because the evidence, which was conflicting, might have justified an opposite conclusion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. ☞1002.]

2. APPEAL AND ERROR ☞719—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error, not filed in the trial court and appearing for the first time in appellant's brief, need not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. ☞719.]

3. APPEAL AND ERROR ☞499—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—OBJECTIONS—NECESSITY.

Where the record did not show that appellants objected to rendition of judgment on the last day of the term, the objection cannot be urged on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. ☞499.]

Appeal from District Court, Delta County; A. P. Dohoney, Judge.

Action by J. G. Matthews, as next friend, for Izoriah Knight and another against A. D. England and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

J. G. Matthews, of Greenville, for appellants. Clark & Leddy, of Greenville, and A. T. Stell, N. Phillips, and Patteson & Patteson, all of Cooper, for appellees.

HODGES, J. This suit was instituted, by J. G. Matthews as next friend for Izoriah and J. N. Knight, to recover a tract of 91 acres of land which had theretofore been conveyed by the Knights to A. D. England, one of the defendants below. The petition alleged, in substance, as a ground for the recovery of the land, that Izoriah and J. N. Knight were, at the time of the execution of the deed, mentally unsound and incompetent to transact that class of business. It is further alleged that the price paid for the land was grossly inadequate, and the petition rather indirectly charges fraud on the part of England in procuring the execution of the deed. In a trial before the court a judgment resulted in favor of the appellees, defendants below.

The facts of the case are clearly stated in the findings filed by the honorable trial judge, which we here adopt, and are as follows:

"First. I find that on or about the 5th day of October, A. D. 1912, the plaintiff Izoriah Knight, wife of J. N. Knight, plaintiff, was the legal and equitable owner in her own separate right of the property described in plaintiff's original petition.

"Second. I find that on the 5th day of October, 1912, the plaintiffs, by their deed in writing, duly signed and acknowledged, transferred, and conveyed said property to the defendant A. D. England, in consideration of certain horses, mules, other personal property, and the sum of $275 in money, all of the total value of $1,000.

"Third. I find that the plaintiff Izoriah Knight knew and understood, prior to the time of signing and delivering the deed, the nature and character of the consideration which her husband, J. N. Knight, was then and there receiving for the same.

"Fourth. I find that the defendant A. D. England, on or about the 5th day of October, A. D. 1912, conveyed the premises to the defendant C. C. George, for certain horses, mules, the sum of $300 in money, and other personal property, all of the total value of $1,100.

"Fifth. I find that the defendant C. C. George, on or about the 18th day of October, A. D. 1912, conveyed the premises to the defendant J. M. Carver, in consideration of the sum of $1,250 in cash.

"Sixth. I find that J. M. Carver, on or about the 19th day of October, A. D. 1912, conveyed the said premises to the defendants Mrs. R. B. Manley, a feme sole, and A. A. Manley, in consideration of the sum of $740 cash, and the execution and delivery of two certain promissory vendor's lien notes, one for the sum of $265, due December 1, 1913, and one for the sum of $1,500, due December 1, A. D. 1917, each note bearing interest from date October, 1912, at the rate of 8 per cent. per annum.

"Seventh. I further find that the first National

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

† Writ of error pending in Supreme Court.

Bank of Cooper, Tex., is the owner and holder of said two notes and the equitable holder of the lien on said premises securing the same.

"Eighth. I find that the plaintiff Izoriah Knight, on the 5th day of October, 1912, was of sound mind and a woman of more than ordinary intelligence, taking into consideration her limited educational advantages and opportunities and lack of mental training, and that she was fully competent to understand and appreciate her property rights and the nature and effect of her action in making the conveyance to England of the land in controversy, and that at said time she possessed sufficient will power to exercise proper discretion in selling said property; that she had transacted her own business affairs with intelligence for a number of years, and that members of her family dealt with her in a business way, and that at the time of the conveyance to England she was fully competent and capable to transact her ordinary business affairs, and had the mental capacity to understand and appreciate, and did understand and appreciate, the nature and effect of the transaction then had with said defendant.

"Ninth. I further find that the plaintiff J. N. Knight, on the above date, was of sound mind and a man of ordinary intelligence, taking into consideration his lack of education and mental training; that he was fully competent to understand and appreciate the nature and effect of the conveyance made by him to the defendant England at said time, and that he did so understand the same, and that he had sufficient will power to exercise proper discretion in the protection of his property rights in the conveyance of said land.

"Tenth. I further find that the defendant England purchased said land at the instance and request of the plaintiffs, and that he was not guilty of any fraud or misrepresentation in procuring the deed from the plaintiffs to the land in controversy.

"Eleventh. I further find that the consideration received by the plaintiffs from the defendant England was used by them to pay for necessaries of life for themselves and to pay debts contracted by them for such necessaries, and that no offer has been made by said plaintiffs during said trial to return said consideration.

"Twelfth. I further find that on October 5, 1912, the property in controversy was of the reasonable market value of $2,000.

"I conclude, as a matter of law from the facts above, that the conveyance of the land in controversy duly executed and delivered by the plaintiffs, Izoriah Knight and J. N. Knight, to the defendant A. D. England, and the conveyances delivered from one defendant to the other defendants in the succession and order set out in the findings of fact were and are valid and legal, and that the same conveyed title to said premises to said defendants, and that the plaintiffs are not entitled to recover the land sued for, judgment being accordingly entered for the defendants."

[1] The assignments of error presented in the appellants' brief attack the second, third, eighth, ninth, and tenth paragraphs of the foregoing findings, upon the ground that they were not supported by the evidence. We have carefully examined the testimony and find ample support for the findings made. The most that can be said is that there was a conflict upon which the court might have reached a contrary conclusion. It appears that both J. N. Knight and his wife was placed upon the stand as witnesses, and that they were examined at some length. They were therefore under the immediate observation of the trial judge, who was thus enabled to form an opinion, from the manner in which the parties testified, as to the degree of mental capacity they possessed. We feel that it would be little short of usurpation for this court to set aside findings made under conditions shown by the record before us.

[2, 3] The appellants also have in their brief an assignment which attacks the action of the court in rendering judgment upon the last day of the term. This assignment was not filed in the trial court, and appears for the first time in the appellants' brief. That fact is sufficient to justify this court in disregarding the assignment. But, even assuming that it should be considered, nothing is shown which would justify us in disturbing the judgment rendered. It does not appear from anything in the record before us that the appellants objected to the rendition of a judgment on the last day of the term of the court, and without some evidence that such proceeding was not acquiesced in, they cannot now complain. Harris v. Harris, 50 Tex. Civ. App. 188, 109 S. W. 1138.

The judgment of the district court will therefore be affirmed.