MEREDITH, Sheriff, v. FLANAGAN et al. (No. 1921.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 14, 1918.)

JUDGMENT ☞11—TIME FOR RENDITION—VIOLATION OF COURT RULE—EFFECT.

Judgment in cause submitted to the judge on the law and facts is not void so as to authorize enjoining of execution thereon, because rendered within two days of end of term, in violation of District and County Courts rule 66 (142 S. W. xxii).

Appeal from Gregg County Court.

Action by Tracy Flanagan and others against D. S. Meredith, Sheriff. From an adverse order, defendant appeals. Reversed and rendered.

W. C. Hurst and F. J. McCord, both of Longview, for appellant. W. C. Shoults, of Longview, for appellee.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

WILLSON, C. J. The appeal is from an order of the county judge made in vacation refusing to dissolve a temporary injunction he had granted to appellee Flanagan restraining appellant from levying an execution, in his hands as sheriff, issued on a judgment rendered by the county court of Gregg county in favor of one J. H. Stewart against said appellee Flanagan. The levy of the writ was enjoined on the ground alone, it seems, that the judgment was void because rendered (in violation of rule 66 for district and county courts [142 S. W. xxii]) within two days of the end of the term, in a cause which had been submitted to the judge on the law and the facts. It was, we think, error to grant the injunction in the first instance, and error to refuse to dissolve it. The judgment was not void because it was rendered on the last day of a term of the court. Harris v. Harris, 50 Tex. Civ. App. 188, 109 S. W. 1138; Rowe v. Gohlman, 44 Tex. Civ. App. 315, 98 S. W. 1077. The order of the judge overruling appellant's motion to dissolve the temporary injunction will be set aside, and an order dissolving the injunction will be entered here.