## NATIONAL SURETY CO. v. HEMPHILL et al. (No. 2190.)

Court of Civil Appeals of Texas. El Paso. Jan. 24, 1929.

Rehearing Denied Feb. 21, 1929.

Underwood, Strickland & Thomerson, of Amarillo, for appellant.

Renfro, Ledbetter & McCombs, of Dallas, for appellees.

PELPHREY, C. J. W. A. Bauman was appointed guardian of the persons and estates of Theron Hemphill, Lora Hemphill, William Robert Hemphill, and Hugh Hemphill by the probate court of Potter county, Tex. On November 22, 1920, said guardian, desirous of selling certain lands belonging to the estate of said minors, located in Swisher county, Tex., executed a bond in the sum of $21,600, payable to R. C. Johnson, county judge of Potter county, with the National Surety Company as surety.

Later said guardian filed his final account in the probate court of Potter county, and from the judgment of the probate court on said final account, an appeal was taken to the 47th judicial district court of Potter county.

A judgment in favor of the minors was rendered in the district court for the following amounts: Theron Hemphill, $1,560.64; Lora Hemphill, $1,750; William Robert Hemphill, $1,750; Hugh Hemphill, $1,750—with interest thereon from February 3, 1927, the date of the judgment. The judgment also provides that all costs of the probate and district courts be taxed against the guardian.

On the 18th day of August, 1927, Theron Hemphill and Lora Hemphill, individually, they both being at that time of full age, and Theron Hemphill as next friend of William Robert and Hugh Hemphill, instituted this action in the 101st Judicial district court of Dallas county, against Bauman, the guardian, and the National Surety Company, as his surety, to recover the amount of the judgment awarded them in the district court of Potter county. A judgment by default was rendered by the court against Bauman, and the same was proved up by a writ of inquiry. The matters in controversy between plaintiffs and the National Surety Company were submitted to the court without the intervention of a jury, and on December 29, 1927, judgment was rendered by the court against both the guardian and his surety, jointly and severally, in favor of plaintiffs in the following amounts: Theron Hemphill, $1,659.11; Lora Hemphill, $1,859.92; Theron Hemphill, as next friend of William Robert Hemphill, $1,-859.92; and Theron Hemphill, as next friend of Hugh Hemphill, $1,859.92. From that judgment the National Surety Company has appealed.

### Opinion.

Appellant introduced a certified copy of the judgment of the district court of Potter county.

Appellant's brief has the following assignment relative to said judgment: "XI. The judgment sued upon, to-wit: The judgment of the District Court of Potter County, Texas, of February 3rd, 1927, showing on its face and reciting in its face the facts upon which the Court assumed jurisdiction, and said facts appearing to have been such as would not in law confer jurisdiction, said judgment was subject to the impeached collaterally, and could not be the basis of any judgment in this cause, and the court erred in admitting said judgment, and basing its judgment in this cause thereon."

The part of the judgment which appellant contends shows the want of jurisdiction reads as follows: "On a former day of a former term of this Court, to-wit: On August 25th, A. D. 1926, came on to be heard before the court without the intervention of the jury, this case being an appeal from a judgment of the Probate Court of Potter County, Texas, made by Theron Hemphill, individually, and as next friend of Lora Hemphill, Wm. Robert Hemphill and Hugh Hemphill, minors, from the orders of the Probate Court of Potter County, Texas, approving the final account of W. A. Bauman, Guardian, and order discharging W. A. Bauman as guardian, and both sides appearing in person and by attorneys and announced ready for trial, then the court having heard the pleadings, the evidence adduced, and the argument of counsel, took the case under advisement with the express understanding and consent of both parties and all parties that if the court did not determine and render judgment in the case at said term, it might be done at any later term, the court requested the filing of trial briefs, by both parties; the plaintiff having filed such brief; but defendant having filed no such brief, and the court having considered the final account filed by the guardian, W. A. Bauman, and the objections and exceptions thereto by the wards, and having considered the record of the Probate Court and the evidence finds."

■ Appellant's contention is that the judgment reciting that it was rendered at a term subsequent to the hearing, and not showing that the consent of the parties was placed on the record as required by district and county courts Rule No. 66, the judgment itself shows a want of jurisdiction, and is therefore subject to collateral attack. The general rule is that a judgment rendered by a court having jurisdiction of the parties and the subject-matter, unless reversed or annulled in some proper proceeding, is not open to contradiction or impeachment, in respect to its validity, verity, or binding effect, by parties or privies, in any collateral action or proceeding, except for fraud in its procurement. 34

C. J. p. 511. And it has been held in this state that only void judgments can be collaterally attacked in subsequent suits. Tadlock v. Eccles, 20 Tex. 782, 73 Am. Dec. 213; Barrett v. McKinney (Tex. Civ. App.) 93 S. W. 240; Pearson v. Lloyd (Tex. Civ. App.) 214 S. W. 759.

If the judgment in question be an invalid judgment, then appellant is correct in its contention; but if the failure of the judgment or the record to show the placing of the consent of the parties on the record does not invalidate the judgment, then it is wrong.

■ The following cases hold that a judgment rendered in violation of the provisions of Rule 66 is not void: Meredity v. Flanagan (Tex. Civ. App.) 202 S. W. 787; Harris v. Harris, 50 Tex. Civ. App. 188, 109 S. W. 1138; Rowe v. Gohlman, 44 Tex. Civ. App. 315, 98 S. W. 1077; March v. Huyter, 50 Tex. 243. And while we have found cases holding that the violation of the provisions of the rule over the objection of a party, or where a party has no opportunity to object, would reverse a cause, yet we have found none, nor have any been cited, which hold that such an action renders the judgment void.

We therefore are of the opinion that the judgment was not subject to the attack made upon it and overrule all assignments relating to its introduction.

■■ Appellees introduced in evidence the special sale bond of the guardian, the guardian's application to sell the real estate, his report of the sale, the order confirming the sale, the cost bill of the probate court of Potter county, and the cost bill of the district court of Potter county.

Objection was duly made to the introduction of all of these by appellant, and the question of the correctness of the court's action in admitting them is properly presented to this court by assignments and propositions.

Appellees were claiming in this case that a certain amount of money was due them by the guardian, and were attempting to show that appellant was responsible for that amount as surety for him. The amount they were seeking to recover was the amount for which judgment had been awarded them in the district court of Potter county on a hearing upon the guardian's final account.

In this case the guardian gave two bonds, viz., the original bond as guardian and the special sale bond here sued on. The judgment of the district court of Potter county was conclusive as to the amount which was due the wards from the guardian, and we think it was entirely proper to introduce the records of the probate court in evidence to show that a sale of the real estate had been made and that the proceeds had come into the hands of the guardian.

There being two bonds given by the guardian as disclosed by the record, then we must look to see whether the evidence is sufficient to show whether the amount due the wards

arose from the sale of the land, or whether it was for funds which came into his hands purely as guardian.

We think the record discloses that a sale was made, and that the proceeds came into the hands of the guardian; but we fail to find any evidence showing that said proceeds were not accounted for by him.

Under our law the sureties on the general guardian's bond were liable for the guardian's failure to perform the general duties imposed upon him by law as such guardian, and it does not cover his actions in selling real estate of the wards, American Indemnity Co. v. Noble (Tex. Com. App.) 235 S. W. 867, and in the case just cited they were held to be unaccountable for proceeds derived from the sale of real estate. Therefore, it appears to us that the converse of the proposition would be equally true, and that the sureties on the special sale bond would not be liable for any defalcation of the guardian connected with his general duties.

We are of opinion that the record in this case fails to show that the guardian failed to account for the proceeds of the sale, or that they were all or part of the amount found by the district court of Potter county to be due the wards.

Where there are funds coming into the hands of the guardian under his general bond and also under a special sale bond given by him, we think the wards, in an attempt to collect from either set of sureties, must show that the amount due arose under conditions which would make them liable. If the guardian has accounted for the proceeds of the sale, which fact we are unable to determine from the record before us, then there would be no liability on the part of the sureties on the special sale bond, regardless of what sum might be due the wards from the guardian.

Believing that the evidence introduced is insufficient to show liability of the sureties on the special sale bond, the judgment of the trial court is reversed, and the cause remanded.