## GANN v. PUTMAN et al.
### No. 11127.

Court of Civil Appeals of Texas.
San Antonio.
March 11, 1942.

S. D. Hopkins, of Corpus Christi, for appellant.

Boone, Henderson, Boone & Davis, Russell Savage, Kleberg & Eckhardt, and Mobley, Roberts & Lockett, all of Corpus Christi, and Samuel Peterson, of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted in the 117th District Court of Nueces County by M. C. Gann against Harold D. Putman and some eleven other defendants, seeking to have declared null and void a judgment entered in the minutes of the 117th District Court in May, 1935, in cause No. 13405–B, styled Kathleen Hacker et vir. v. Lloyds America et al., because allegedly the judgment was not rendered at the term of court at which

932

the cause was heard. Gann further sought to have set aside the sheriff's sale of certain real estate had by virtue and under the provisions of said judgment.

The trial was before the court without the intervention of a jury and resulted in judgment denying Gann any relief and enjoining him from again attempting to litigate the questions involved. From that judgment M. C. Gann has prosecuted this appeal.

This controversy has been before the appellate court of this State in a prior case. See Gann v. Putman, Tex.Civ.App., 141 S. W.2d 758.

 Appellant contends that the judgment rendered on May 6, 1935, was void because the evidence was heard and the trial had at the March term and the judgment rendered at the May term. We overrule this contention. It is true that the minutes of the 117th District Court recite: "4/25/35—On trial, cause continued until next term for determination on facts heard this day, by agreement of the parties." It is equally true that the judgment rendered May 6, 1935, recited in substance that the cause came on to be heard on May 6, 1935, and that on such date the court heard the matters of fact as well as of law. We must presume that whatever may have been the trial judge's intention when he entered the minutes of April 25, 1935, that when the cause came on to be heard he decided to hear and did hear the matters of law and of fact, before rendering the judgment. The judgment reciting that the matters of law and fact were heard at the term at which it was rendered, the judgment was not void on its face, and the findings of the trial judge filed herein support his holding that it was valid. The court had jurisdiction of the parties and subject matter. March v. Huyter, 50 Tex. 243; National Surety Co. v. Hemphill, Tex.Civ.App., 13 S.W.2d 921.

This being a suit to set aside a judgment, valid upon its face, filed more than five years after the judgment was rendered, is barred by the four year statute of limitation. Art. 5529, Vernon's Ann.Civ. Stats.; Licata v. Cappadona, Tex.Civ.App., 157 S.W.2d 191.

Appellant brought the suit of Gann v. Putman in the 28th District Court of Nueces County seeking, in a trespass to try title suit, to recover the same real property involved in the suit at bar. In that suit he alleged the same judgment was invalid. He is barred by the doctrine of res judicata from again litigating that question.

The only purpose Gann could have in maintaining the present suit is to try to recover the title to the real estate described in his petition. Title to this property was recovered by appellees in cause No. 15049–a, and that title is, as between appellant and appellees, now res judicata.

Appellant asserts his right to continue to bring as many cases as he may see fit attacking the title to the real estate involved, and therefore the trial court properly granted the injunction prohibiting him from again attemping to litigate the question. Sterling v. Gredig, D.C., 5 F.Supp. 329; Ellerd v. White, Tex.Civ.App., 251 S. W. 274; Butler v. Wagner, Tex.Civ.App., 104 S.W.2d 78.

The judgment is affirmed.