WHITEHURST v. ESTES.

No. 13559.

Court of Civil Appeals of Texas. Dallas.

July 21, 1944.

Rehearing Denied Oct. 27, 1944.

John S. Fannin, of Dallas, for appellant.

J. Willard Gragg, of Dallas, for appellee.

YOUNG, Justice.

The suit of plaintiff (appellant) in the trial court was in the nature of a bill of review to set aside and hold for naught a judgment of foreclosure dated July 13, 1936, granted by the 101st District Court of Dallas County in Cause No. 19080–E, styled Mrs. O. M. Word et vir. v. J. M. Whitehurst, covering lot 3, block 4, Sunset Hill Addition to the City of Dallas; and to remove cloud cast upon title to the property by said judgment and the deed of trust therein ordered foreclosed. Mrs. Word, original plaintiff in cause No. 19080, was made party defendant to the instant suit, but was dismissed on filing disclaimer. The remaining defendant (appellee), a subsequent purchaser of the property, interposed the two, three, four and five-year statutes of limitation to the petition (count 2 of which was in trespass to try title). Both exceptions being sustained, the action was dismissed with prejudice, and such final order is the basis of appeal.

It must first be noted that plaintiff's case was instituted in the 68th District Court of Dallas County, November 5, 1942, in form of trespass to try title only; later enlarged into above described bill of review by amendment, and heard by a special judge for the 68th court. Plaintiff's suit was not filed in the forum rendering the judgment thus sought to be vacated, hence on both counts must be viewed as a collateral attack on the 1936 proceedings of the 101st District Court. T. J., Judgments, 647; Switzer v. Smith, Tex.Com.App., 300 S.W. 31, 68 A.L.R. 377.

Attached as exhibits to plaintiff's pleading (also in amended transcript) are all court papers and orders relating to suit No. 19080–E, viz: (1) Petition of Mrs. O. M. Word et vir. v. J. M. Whitehurst for debt and foreclosure; (2) deed of trust note there sued upon; (3) answer of Whitehurst; (4) motion of Mrs. Word and husband for setting; (5) written stipulations signed by counsel of both parties in which the cause was set for July 13, 1936; (6) judgment of said date pursuant to stipulations for amount due on note and foreclosure, with writ of possession as to above described realty. The prior suit was not appealed, and under it Whitehurst was dispossessed on April 20, 1937. Payee in above note (cause No. 19080) was Mrs. H. H. Cusick, a widow, later Mrs. O. M. Word; the original proceedings obviously involving her separate property.

The grounds of appellant's bill of review (dated December 14, 1943) were, in substance: (1) That his own attorney had failed to set up defense of homestead, failure of consideration and usury in said earlier case; and, on the other hand, had exceeded his authority in making the stipulations on which judgment in cause No. 19080 was based; and (2) utter invalidity of judgment (19080), in that the husband of Mrs. O.M. Word was an indispensable party, not joined; no facts being alleged excusing his nonappearance in the original suit.

Even viewed as a direct attack on the 1936 judgment, the affirmative allegations of appellant (in light of the described exhibits) are shown to be a wholly insufficient predicate for equitable relief, because no fraud, accident or act of the opposite party is alleged, unmixed with negligence on his part, Wilson v. Smith, 17 Tex. Civ.App. 188, 43 S.W. 1086; and "the rule is rigid that equity will not set aside a judg-

ment or enjoin its enforcement when the failure of a party to have a full and fair presentment of his case has resulted from the negligence or mistakes of his counsel." 25 T.J. p. 614; Nevins v. McKee, 61 Tex. 412; Ricketts v. Ferguson, Tex.Civ.App., 64 S.W.2d 416.

■ Otherwise stated, a bill of review presents no cause of action where the gravamen of the complaint is merely that counsel failed to present his client's case or defense. Harn v. Phelps, 65 Tex. 592; Adams v. First National Bank, Tex.Civ.App., 52 S.W. 642.

■■ Likewise it is manifest that there was no lack of necessary joinder in case No. 19080; the husband of Mrs. O. M. Word being a party plaintiff to that suit, at least "pro forma." This has been held sufficient, the subject matter concerning only her separate property. Wade v. Wade, 140 Tex. 339, 167 S.W.2d 1008. In this connection, appellee's exception No. 1, urging the plea of res adjudicata, should also have been sustained on the face of the record. The prior suit, not appealed, adjudicated against petitioner the validity of the Word deed of trust and foreclosure; and no contention is made that he was there deprived of his defenses by any act of appellee. No invalidity appearing on the face of such former proceedings, the judgment rendered more than five years before was not subject to attack, either direct or collateral; being conclusive as to all issues and defenses that might have been raised in prior litigation, whether actually raised or not. Nichols v. Dibrell, 61 Tex. 539; Slider v. House, Tex.Civ.App., 271 S.W. 644.

■■ Moreover, appellee Estes is seen to be a subsequent purchaser of the property, not connected with the original proceedings here sought to be vacated. At least from date of appellant's eviction (April, 1937) he was charged with notice of all matters incident to aforesaid adverse judgment, taking no affirmative steps thereafter until institution of the present suit in 1942. Seasonable action on his part was required relative to setting aside the prior rendition; and he is now precluded by long acquiescence, silence, and notice of adverse judgment; particularly so, when rights of a third party have intervened. And in support of the court's ruling on exceptions 2 and 3, it is well settled that a direct attack in equity on a judgment is subject to the bar of the four-year statute of limitation, as well as the bar of laches. Art. 5529, Vernon's Ann.Civ.St., and annotations; Litton v. Waters, Tex.Civ.App., 161 S.W.2d 1095 (writ ref.) ; Gann v. Putman, Tex.Civ.App., 159 S.W.2d 931 (writ ref.).

Appellant's points are without merit and the judgment under discussion must be affirmed.

Affirmed.