Sam TATUM, Appellant,

v.

Mrs. Clyde MILLER et al., Appellees.

No. 6831.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 22, 1955.

R. P. Watson, Jr., Paul W. Anderson, Marshall, for appellant.

Brachfield, Wolfe & Williams, Gordon R. Wellborn, Henderson, for appellees.

DAVIS, Justice.

This is an appeal from a summary judgment on a petition for a bill of review. Appellant, Sam Tatum, sued Mrs. Clyde Miller and husband, H. D. Miller, Myrtis Watkins, a feme sole, Mrs. Claudia Watkins, a widow, and Martha Paxton Harris and husband, Jimmie Harris, by way of a bill of review in cause No. 22,077 upon the civil docket of the District Court of Rusk County.

Appellant had previously sued the same defendants and others in cause No. 19,460 upon the civil docket of the same court. In cause No. 19,460 appellant filed suit in trespass to try title to the North ½ of a 100-acre tract of land situated in the John Piburn Survey in Rusk County, and filed his petition on March 7, 1950. This case was finally tried and judgment was rendered upon an instructed verdict on January 18, 1954. The judgment was excepted to and notice of appeal was given but no further action of any kind was taken. Appellant was represented in cause No. 19,460 by different attorneys from those who represent him in cause No. 22,077.

Appellant alleged certain facts, which, if true, would constitute negligence on the part of his attorneys in cause No. 19,460 as the basis for his bill of review. The petition was filed September 24, 1954.

Appellees filed their motion for summary judgment in which they pleaded the finality of the judgment in cause No. 19,460, and estoppel on the part of appellant because of the acts of negligence alleged on the part of appellant's attorneys in connection with the trial and disposition of cause No. 19,460. Both parties appeared with their attorneys and announced ready for hearing upon the motion on March 11, 1955. At the conclusion of the hearing the motion for summary judgment was granted, hence the appeal.

Appellant did not file any controverting affidavits to the motion filed by appellees, and relied upon the pleadings and the record to reveal material fact issues.

The trial court concluded, and we think correctly so, that the acts of negligence on

the part of appellant's attorneys in cause No. 19,460 did not constitute any defense to the judgment entered in cause No. 19,460 as far as appellees were concerned, and evidence in support of such allegations would not be admissible. This being the chief complaint of appellant on this appeal, we will not enumerate his points. We think this is the type of case for which the summary judgment rule was made. A few of the authorities which hold that a person cannot complain of the acts or omissions of his attorney in such cases as this are as follows: Kelly v. Wright, 144 Tex. 114, 188 S.W.2d 983; Thomas v. Mullins, Tex.Civ. App., 175 S.W.2d 276; White v. Glenn, Tex. Civ.App., 138 S.W.2d 914, w/d; Whitehurst v. Estes, Tex.Civ.App., 185 S.W.2d 154, w/r.

The record in this case is so concise and complete in every detail that we do not think further discussion necessary.

The judgment of the trial court is affirmed.