**Alvin MEISSNER et al., Relators,**

**v.**

**Hon. J. R. FUCHS, District Judge, et al., Respondents.**

No. 12947.

Court of Civil Appeals of Texas.

Galveston.

Nov. 23, 1955.

Rehearing Granted Feb. 23, 1956.

On Rehearing June 7, 1956.

Further Rehearing Denied June 28, 1956.

See also, 286 S.W.2d 241.

W. I. Hill, Bellville, and W. D. Bryan, Sealy, for all relators except Storey J. Sloane.

Townes & Townes, Edgar E. Townes, Jr., Houston, attorneys for relator Storey J. Sloane.

W. H. Betts, Hempstead, for respondents.

GANNON, Justice.

This is an original proceeding applying for a writ of prohibition and injunction to preserve the integrity of a final judgment in suit No. 8015, styled Elmer J. Pfeffer et al. v. Halley J. Pfeffer et al., in the District Court of Austin County, Texas, affirmed by this Court on May 27, 1954, on the appeal of Halley and Seldon Pfeffer. See Tex. Civ.App., 269 S.W.2d 436. Our judgment of affirmance has long since become final, the Supreme Court having refused a writ of error, n. r. e.

The basis of the application for prohibition and injunction is that by two later suits, to-wit: No. 8274, styled Elna Pfeffer et al. v. Alvin Meissner et al., in the District Court of Austin County, Texas, and No. 8279, styled Elna Pfeffer v. Elmer J. Pfeffer, in the District Court of Austin County, Texas, the respondents, Halley Pfeffer and wife Ruby Pfeffer, Seldon Pfeffer, Cynthia Pfeffer, Elna Pfeffer, Etrulia Pfeffer Collier, and Malinda Pfeffer, seek to relitigate rights established by the final judgment in No. 8015, styled Elmer J. Pfeffer et al. v. Halley J. Pfeffer et al., in the District Court of Austin County, Texas, which judgment was affirmed by us on the appeal of Halley and Seldon Pfeffer, and that said suits Nos. 8274 and 8279 are of such a nature that if successfully prosecuted the judgments therein will purport the divesting of rights established by the orders entered in suit No. 8015.

Examination of the application for the writ convinces us that it is on sound footing as far as our power to issue injunctive relief against Halley and Seldon Pfeffer on the facts is concerned. There is no doubt of our right in proper cases to issue original writs of prohibition and of injunction to protect our jurisdiction. See Texas National Bank v. Zellers, Tex.Civ.App., 75

S.W.2d 890; Nash v. Hanover Fire Ins. Co., Tex.Civ.App., 79 S.W.2d 182; Yount-Lee Oil Co. v. Federal Crude Oil Co., Tex. Civ.App., 92 S.W.2d 493. However the exercise of the power is discretionary and it is our view that the power should not be used unless practical results can be accomplished thereby.

By reference to the fact findings in No. 12,891, Pfeffer v. Meissner, Tex.Civ.App., 286 S.W.2d 241, it will be seen that our judgment of affirmance of certain of the trial court's orders in No. 8015 is res judicata only as between applicants and respondents Halley and Seldon Pfeffer. None other of the respondents were parties to the appeal and therefore were not parties to our judgment of affirmance. Were we to issue writs of prohibition and of injunction to restrain the prosecution of purely vexatious suits by Halley and Seldon Pfeffer alone, very little would be accomplished. Any of the remaining respondents, who do show a disposition to relitigate the same issues previously decided in No. 8015, could continue to file additional suits seeking to relitigate the very matters determined in No. 8015, and we would be powerless to enjoin their doing so because they were not parties to our judgment of affirmance.

■ Undoubtedly the trial court has clear power to enjoin purely vexatious litigation filed and prosecuted in an obvious effort to relitigate that which has become res judicata under its orders, judgments and decrees. Gann v. Putman, Tex.Civ. App., 159 S.W.2d 931; Renfroe v. Johnson, 142 Tex. 251, 177 S.W.2d 600.

Since in any attempted relitigation of the issues which have been finally determined in No. 8015, all parties to that judgment would be necessary parties, including Halley and Seldon Pfeffer, we have decided to exercise our discretion by dismissing the application for prohibition and injunction at this time, without prejudice to the right in any of the applicants to refile if it should later appear that there is a substantial and practical necessity or desirability for the granting in whole or in part of the relief prayed for.

Application for prohibition and injunction dismissed.

On Motion for Rehearing on Original Application for Writs of Prohibition and Injunction.

Further consideration of the petition for writs of prohibition and injunction has convinced us we were in error when we held that only the respondents, Halley and Seldon Pfeffer, were parties to the appeal from the trial court's judgment in No. 8015 in that court, being No. 12,726 on appeal to this Court. See our opinion on rehearing in No. 12,891, Pfeffer v. Meissner, 286 S.W.2d 241. Since it is made to appear by relators that by suits Nos. 8274 and 8279 styled, respectively, Elna Pfeffer et al. v. Alvin Meissner et al., and Elna Pfeffer v. Elmer J. Pfeffer, both in the District Court of Austin County, Texas, respondents Seldon, Halley, Cynthia and Elna Pfeffer are seeking to relitigate issues determined against them by our judgment of affirmance in No. 12,726 and that if successful in such effort judgments obtained by the relitigation of such issues will purport the divesting of rights established by the orders entered in suit No. 8015 which have previously been held valid by us, we have concluded there is a good probability that relators are entitled in part, at least, to the relief which they seek.

An examination of all instruments, papers, briefs, etc., on file in our Court fails to reveal either that any of the respondents has been served with rule to show cause why the writ should not issue or that any of the respondents has entered an appearance in this original proceeding in our Court. Correspondence in the Clerk's office indicates that a copy of the application for writ of prohibition was forwarded by the attorneys for relators to the Honorable W. H. Betts, Hempstead, Texas, attorney, said to be representing Halley Pfeffer et al. There is no indication in this correspondence that a copy of the motion for leave to file the application, which arrived

at the Clerk's office several days later, was forwarded either to Mr. Betts or to any of the respondents. Mr. Betts was advised by the Clerk that the motion for leave to file and the application for the writ were set for hearing before us on November 10, 1955, at the same time as the submission of the appeal No. 12,891, being an appeal from the trial court's denial of temporary injunctive relief in suit No. 8274, Elna Pfeffer et al. v. Alvin Meissner et al., in the District Court of Austin County.

While it is true that these matters were heard together and that Mr. W. H. Betts appeared and argued the appeal in No. 12,891 in this Court, styled Pfeffer v. Meissner, it is not clear that he thereby purported to enter the appearance of any of the respondents in the original proceeding in this Court, No. 12,947, styled Alvin Meissner et al., Relators, v. Hon. J. R. Fuchs, District Judge, et al., Respondents. At any rate, there is nothing on file in this Court which in any way can be said to constitute the entry of appearance by any of the respondents. We do not feel justified in granting relief on the application in whole or in part as against any of the respondents until all doubt is removed that the respondents, each and all, have either been served with a rule to show cause or have entered a voluntary appearance.

The motion for rehearing is granted with leave to relators to take such steps as may be necessary to give us clear jurisdiction of the person of each of the respondents.

Motion for rehearing granted. The cause will be retained on the docket for further proceeding and orders.

## On Rehearing

After granting rehearing, we entered an order directing a method of service on respondents and resetting this cause for submission. At such second submission the respondents, Elna Pfeffer, Cynthia Pfeffer, Seldon Pfeffer and Halley Pfeffer and wife, Ruby Pfeffer, having theretofore filed a sworn responsive pleading, appeared by their attorney of record and presented arguments in support of the position of said respondents that relators were not entitled to relief. Save for the incompetent respondent, Malinda Pfeffer, who appeared by the Honorable Jerry D. Barker, heretofore appointed by us as guardian ad litem to represent said respondent, no other respondent appeared except the Honorable John R. Fuchs, District Judge. Judge Fuchs has heretofore entered his appearance herein admitting the truth of the relators' allegations. By his response, Judge Fuchs does not undertake either to affirm or question the right of relators to relief.

At the submission, it was made abundantly clear that by their action in filing and proposing to prosecute two certain suits now pending in the District Court of Austin County, numbered and styled respectively as follows: No. 8274—Elna Pfeffer et al. v. Alvin Meissner et al., and No. 8279—Elna Pfeffer et al. v. Elmer J. Pfeffer et al., the respondents, Elna Pfeffer, Cynthia Pfeffer, Halley Pfeffer and Seldon Pfeffer, are seeking to relitigate issues determined against them by our judgment of affirmance in Cause No. 12,726 in this Court, being an appeal from the trial court's judgment in Cause No. 8015 in the District Court of Austin County, Texas, and that if successful in such effort, the judgment obtained by respondents by the relitigation of such issues will purport the divesting of rights established by our order of affirmance in said appeal No. 12,726 in this Court. We are convinced that relators have established their right to the injunctive relief which they seek as against the respondents, Elna Pfeffer, Cynthia Pfeffer, Halley Pfeffer and Seldon Pfeffer, and to a writ of prohibition against the District Judge prohibiting him from entertaining any further jurisdiction of the above styled and numbered suits now pending before him except to dismiss same, or of any other suits filed by said parties with similar object and purpose.

Though others are made parties-respondent, relators do not demonstrate that any of said parties have attempted to relitigate any issue determined by our prior judgment of affirmance in appealed Cause No.

12,726 in this Court, or that they propose to do so. We therefore consider that all parties except Seldon Pfeffer, Halley Pfeffer, Cynthia Pfeffer and Elna Pfeffer, should be dismissed.

At the resubmission of this matter, respondents, Elna Pfeffer, Cynthia Pfeffer, Halley Pfeffer and Seldon Pfeffer, indicated their intention to apply to the Supreme Court for a writ of error to review our judgment in Cause No. 12,891—Pfeffer v. Meissner, stating in that connection that the action of the Supreme Court on such application would be substantially determinative of relators' rights in this proceeding. Such application has now been filed and refused, and motion for rehearing thereon in the Supreme Court has been overruled.

 We were under no compulsion to await the outcome of the Supreme Court proceeding before issuing our order. Had we granted relators' relief pending the filing of said application for writ of error, the respondents, Elna Pfeffer, Halley Pfeffer, Cynthia Pfeffer and Seldon Pfeffer, would probably have been cut off from their right to prosecute their application without putting themselves in contempt of this Court, and since apparently our jurisdiction in an original proceeding such as the present is final, see City of Houston v. City of Palestine, 114 Tex. 306, 267 S.W. 663, and 11 Tex.Jur., page 869, "Courts," Sec. 111, we concluded, out of deference to the Supreme Court and in order to avoid even the appearance of an unseemly conflict of jurisdiction, to delay our action. Since the Supreme Court has now finally determined the refusal of the application for writ of error, and since, in our opinion, that ruling establishes conclusively that on the undisputed facts relators are entitled to the relief which they seek as against the respondents, Elna Pfeffer, Halley Pfeffer, Cynthia Pfeffer and Seldon Pfeffer, there remains no substantial ground for the exercise of any discretion on our part to enter any order except one enjoining the further prosecution of the above numbered and styled suits pending in the District Court of Austin County, Texas, and directing the issuance of a writ of prohibition to the District Judge.

It is so ordered.