29,892-22

Roy L. Smithwick, Jr.
TDCJ#622814 McConnell
3001 S. Emily Dr.
Beeville, Tx. 78102

Clerk of the
Court of Criminal Appeals
P.O. Box 12308
Austin, Tx. 78711-2308

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 29 2015

Abel Acosta, Clerk

RE: Filing

Clerk,

Enclosed please find a copy of a Petition for Mandamus filed to Compel you to Perform Ministerial Duties based upon a Developed Record.

Since you have not answered my question in regards to why I am not allowed Due-Process of law to have NEW LEGAL BASIS considerd on A Application for Relief I am left with no other recourse to to seek my Due-Process of Law rights to consideration.

I was wrongfully convicted with false and Fabricated Scientific Testimony which mets the bare minimum requirements for a Fair Trial Under Art. 11.073

Respectfully Presented,

Roy L. Smithwick Jr.

9/18/2015

NO:_____

In THE SUPREME COURT OF TEXAS

---

In Re ROY LOUIS SMITHWICK, JR.

---

PETITION FOR WRIT OF MANDAMUS

Roy L. Smithwick, Jr.
Pro-Se
TDCJ#7622814
3001 S. Emily Dr.
Beeville, Tx. 78102

## IDENTITY OF PARTIES

RELATOR, Is a person confined in the Texas Department of Criminal Justice and may be contacted as addressed below.

Roy L. Smithwick, Jr.
TDCJ#622814 McConnell
3001 S. Emily Dr.
Beeville, Tx. 78102


Respondent, Is a Clerk for the Court of Criminal Appeals and may be contacted at the address below.

Clerk of the
Court of Criminal Appeals
P.O. Box 12308, Capitol Station
Beeville, Texas 78711


## TABLE OF CONTENTS

Identity of Parties ----------------------------------------------II.

Table of Contents--                                        --II.

Index of Authorities---------------------------------------------III.

Statement of the Case--                                    --III>V.

Statement of Jurisdiction---------------------------------------V>

Issues Presented--                                         --VI.

Statement of Facts--------------------------------------------VI>1.

Arguement--                                                --1>3.

Prayer-------------------------------------------------------5.

Declaration--                                              --5.

II.

# INDEX OF AUTHORITIES

1. Crim. Codes and Proc. Art. § 11.07 Sec. 4a(1)&(2)------III>5

2. Tex. Gov. Code § 22 --                              --V.

3. Haines V. Hefnar, 404 U.S. 319,320 (1972)---------------V.

4. Wade v. Mays 689 S.W.2d 893, 897 (1985 Tex.Cr.App.)---V.

5. Ex Parte Neal Hampton Robbins Ct,Cr.App. No.73,484-02-VI&1.

6. 83rd. Legislature, H.B. 1847, S.B. 825, & S.B. 1611------VII&2.

7. Will V. United States 389 U.S. 90, 96 (1967)----------4.

8. Meissner V. Fuchs, 290 S.W.2d 941, 944 (Tex.Civ.App.
          Galveston 1956)--                          --4.

9. Wortham V. Walker [133 Tex. 255] 128 S.W.2d @ 1151 (1939)
                                                    --5.

## STATEMENT OF THE CASE

The Clerk of the Court of Criminal Appeals has set aside the Legal Statues of Article § 11.07 Sec. 4a(1)&(2) "NEW LEGAL BASIS" and "CONSTITUTIONAL VIOLATIONS" by a State Prosecutor and refused to -- **FILE AND SET** --, a Application for relief under Article 11.073, a new statue previously unavailable for consideration in a Prior Application.

The Clerk of the Court of Criminal Appeals has the Ministerial Duty to Obey the Courts Orders within the Satatues of Law to provide Relator his Constitutional Due-Process of Law Rights to have issues Addressed Under the New Legal Basis granted by the Texas Legislature and demanded by the Public.

III.

Texas Criminal Codes and Procedures Art. § 11.07 Sec. 4a(1)&(2) allows for a successive filing if a "NEW LEGAL BASIS" or a "CONSTITUTIONAL VIOLATION" Occurred establishing that no rational Juror could have found Relator guilty beyond a Reasonable Doubt.

Legislation has enacted Article § 11.073 which the Court of Criminal Appeals has established is a "NEW LEGAL BASIS" previously unavailable for consideration in a Prior Application.

Relator is citing for the first time that the Trial Prosecutor Knowingly and Intentionally violated his Constitutional Rights to a Fair Trial by having Pre-Trial knowledge that the State Offered Scientific Testimony was going to be Falsified. With out such fabricated Scientific Evidence Relator would not have been found Guilty beyond a Reasonable Doubt and Maintained his innocence.

Relator has satisfied the requirements for a Successive Application Under Art. 11.07 Sec. 4a(1)&(2) due to the "NEW LEGAL BASIS" (ART. 11.073) being previously unavailable for consideration in a prior Application -- and -- the State Prosecutor knowingly FABRICATED scientific evidence violating Relator's "CONSTITUTIONAL DUE PROCESS RIGHTS TO A FAIR TRIAL" which is a "Miscarriage of Justice". NOTE: Relator had no reason to suspect Fraudulent acts were committed by the Trial Prosecutor but upon being suspect Relator Excersiced DUE DILEGENCE to investigate the issue by requesting the Scientific Records and was denied the information.

Wherefore the Clerk of the Criminal Court of Appeals has a Constitutional Due-Process of Law Duty to FILE AND SET FOR

IV.

REVIEW Relators Application for Habeas Corpus Relief or at the Minimum recomend that a Record be developed to base a decision.

## STATEMENT OF JURISDICTION

The Supreme Court of Texas has Jurisdiction to Hear Issues of Constitutional Civil Due-Process of Law Rights granted by the Texas Legislation that requires the Performance of Ministerial Duties of a State Official Clerk, Under Tex. Gov. Code § 22 .

Relator has presented this issue to the Court of Criminal Appeals for review and the issue went unaddressed. Therefore Relator is aware of no other adequate means to compel Clear Constitutional Due-Process of Law Ministerial Duties performed by the Clerk of the Court of Criminal Appeals to FILE AND SET FOR REVIEW a Application for Habeas Corpus Relief Under New Legal Basis previously Unavailable for consideration in a Prior Application for Relief.

Relator is proceeding Pro-Se in this cause and asks the Supreme Court of Texas to hold him to a less Stringent standard then formal pleadings made by an Attorney. (See -- Haines v. Hernar, 404 U.S. 319, 320 [1972])

"In determining the specific nature of the Extraordinary relief ought, this court will not be limited by the denomination of Petitioner's pleadings, but will look to the essence of the pleading, including the prayers, as well as the record before Us." (See- Wade v. Mays, 689 S.W.2d 893, 897 [1985 Tex.Cr.App.])

V.

## ISSUES PRESENTED

The Clerk of the Court of Criminal Appeals has Abused his Discretion and Ministerial Duty by refusing relators Due-Process Right to Application of Law requireing him to FILE AND SET FOR REVIEW a successive Application for Habeas Corpus Relief which has met the Requirements set out in Criminal Codes and Procedures Article § 11.07 Sec. 4a(1)&(2).

## STATEMENT OF FACTS

1. On 3/18/2015 Relator was cited for Abuse of Writ. The Instructions to the Clerk were not to accept another Application for Habeas Corpus Relief unless Relator "... is able to show in such an application that any claims presented have not been rasied previously and that they could not have been presented in a previous application for a Writ of Habeas Corpus."

2. On Sep. 1, 2013 Legislation enacted an Amendment to Criminal Codes and Procedures to add Article 11.073 that pertained to certain "Scientific Evidence".

3. On Nov. 26, 2014 the Court of Criminal Appeals found that Article 11.073 satisfied the requirement for a Successive review for relief under Art. 11.07 Sec. 4a(1); - A "NEW LEGAL BASIS" previously unavailable for consideration in a prior Application. (See Ex Parte Neal Hampton Robbins, Wr-73,484-02)

4. Article 11.073 is a NEW LEGAL BASIS previously unavailable to relator for consideration in a prior application and therefore a STATUTORY ENTITLEMENT EXISTS for consideration under the requirements set out by Legislation to provide for FAIR TRIALS.

VI.

5. Before Excercising Relators Newly Granted Due-Process Right to review under the New Legal Basis he DILIGENTLY SOUGHT to find whether the State Prosecutor knew the Expert "Scientific Evidence" testimony offerred at trial was false and unreliable by requesting the Scientific Documents/Reports used for Pre-Trial Preparation.

6. Texas 83rd Legislative House Bill 1847, Senate Bill 825, and Senate Bill 1611 enactment all revolve around the Transparency of the Prosecutors Office to Disclose information to met the Publics demand to prevent wrongfull convictions and provide a Constitutional Due-Process Right to a FAIR TRIAL.

7. Despite the Publics Demands the Webb Co. District Attorney refused to release scientific Documents/Reports used by the Trial Prosecutor to prepare for Trial. (Relator Presents Due Diligence to provide positive Proof of his claims but is being Obstructed to his legal right to access the proof for the claims.)

8. Relator Applied for Habeas Corpus Relief on or about Jan. 7, 2015 citing the "NEW LEGAL BASIS" of Art. 11.073 and a Miscarriage of Justice.

9. The Trial Court did not act as a fact finder applying the "NEW LEGAL BASIS" standard of review to develop the records for the Court of Criminal Appeals Clerk or Court to review and make a informed decision on the Scientific Trial Testimony that has shown to be intentionally falsified and relied upon by the State Prosecutor to Obtain a conviction.

VII.

10. On Mar. 3, 2015 The Clerk of the Court of Criminal Appeals, without a developed record to base an informed decision, found that Relator did not met the Standard for review set out in the Appeals Court Order and ignored the legal Statute of Article 11.07 Sec. 4a(1)&(2).

11. The NEW LEGAL Statute of Article 11.073 mets the Requirements set out in Article 11.07 Sec. 4a and the Courts Order. Relator is ENTITLED BY Statute to Due-Process of Law requiring the Clerks Ministerial Duty to File and Set the Application for Review for an informed decision based on a Developed Record.

## ARGUEMENT

On 3/18/2015 The Clerk of the Court of Criminal Appeals found Relator did not met the standard for review under the Order made by the Court of Crim. App. for the presented Application Under Article 11.073, see CCA#29,892-21.

The Ct. of Crim. App. set out in a previous Order that the Clerk of the court was not to accept another Application from Relator unless:

> Relator "...is able to show in such an application that any claims presented hove not been raised previously and that they could not have been presented in a previous application for a Writ of Habeas Corpus."

The Court of Crim. App. has established in Ex Parte Neal H. Robbins, Wr-73-848-02, that "Article 11.073" is a "NEW LEGAL BASIS" previously unavailable for consideration in a prior application Under Article 11.07 Sec. 4a.

1.

Relator is citing article 11.073 as a "NEW LEGAL BASIS" for relief as the Article was previously unavailable for consideration in a prior application for relief. The 11.073 Statute established a new standard of review that was to ensure a Fair Trial was provided to an Applicant in instances where the State relied upon scientific testimony that has been discredited.

Relator has therefore met the standards for relief under the legal Statue of Article 11.07 Sec. 4a(1) to have the issues addressed, but the Trial Court failed to develop the record to make an informed decision.

Also, Relator is citing for the FIRST TIME that a "Miscarriage of Justice" occurred by the Trial Prosecutor's knowingly and intentionally offerred false and unreliable Scientific testimony which denied Relator's Constitutional Due-Process Right to a FAIR TRIAL by a State Official. Absent this Constitutional Due-Process violation NO RATIONAL JUROR WOULD HAVE FOUND RELATOR GUILTY BEOND A REASONABLE DOUBT.

Relator has therefore met the Standards for relief under the legal Statue of Article 11.07 Sec.4a(2) to have the issue addressed, but the Trial Court failed to develop the record to make an informed decision.

## DISTRICT ATTORNEY WITHHOLDING EVIDENCE

Relator has attempted to address the Miscarriage of Justice claim by requesting the scientific documents/reports used to prepare for and introduced at - Trial by th Prosecutor.

2.

Relator is legally entitled to the information that was testified to at trial and through New Laws passed to prevent a wrongfull conviction the Public now demands Transparency of the District Attorneys Office to stop withholding evidence that has resulted in wrongfull convitions of innocent Citizens.

The District Attorney's withholding of Documents/Reports raises the presumption of correctness of Relators claims. The Prosecutors office does not negate the claims by providing the Scientific Documents/Reports used by the Trial Prosecutor which Relator is Legally entitled to due to the apparent matterial value to the claims made.

Relator has SHOWN A DUE DILIGENCE to investigate and properly present the claim of a "Miscarriage of Justice" as required under Article 11.07 Sec. 4a, but the Webb Co. District Attorneys continues to withhold Scientific information and refuses to abide by the Basic Priciples of the U.S. Constitution to provide for Due-Process of Law. Further the Trial Court failed to DEVELOP the Records to address the issue for the higher Courts to MAKE AN INFORMED DECISION.

These Actions of State Officials undermine the Publics Trust in the Governments ability to provide FAIR TRIALS to it's Citizenry.

Such Constitutional Violations can not be set aside as merely part of Justice and go unaddresses. Justice is to served as a Truth Finding Function on behalf of the Citizenry.

3.

## CONCLUSION

Relator has shown a "New Legislative granted due process right" of Art. 11.073 established a "NEW LEGAL BASIS" standard of Review which previously was unavailable to Relator. This satisfies the requirements for a successive Application and presents a Ministerial Duty upon the Clerk of the Court of Criminal appeals to file and set the issues for review based upon a developed and informed record.

A FIRST TIME CLAIM of a State Prosecutor violating Relator's Constitutional Due Process Right to a Fair Trial has never been addressed on the merits. This claim will show that absent the Constitutional violation to a FAIR TRIAL NO RATIONAL JUROR WOULD HAVE FOUND RELATOR GUILTY BEYOND A REASONABLE DOUBT: Thus Relator has satisfied the requirements for a successive Application and Presents a Ministerial Duty upon the Clerk of the Court of Criminal Appeals to file and set the issues for review based upon a developed and informed record.

Relator has Diligently sought to investigate and provide the Scientific Information used by the Trial Prosecutor but has been denied access to the information even though disclosure basic priciples of Law and further demanded by the Public through New Statute to provide Fair Trial to the Citizens.

The entitlement to Mandamus review is "Indisputable" Will v. United States, 389 U.S. 90, 96 (1967) and "Abundantly Clear" Meissner v. Fuchs, 290 S.W.2d 941, 944 (Tex.Civ.App. - Galveston 1965). Relator has presented an "Issue to require the execution

4.

of matters whose merit is beyond dispute.." (Wartham v. Walker, [133 Tex. 255], 128 S.W.2d at 1151 [1939]).

## PRAYER

Wherefore Relator Prays that the Clerk of the Court of Criminal Appeals be instructed to FILE AND SET FOR REVIEW the Application for Habeas Corpus Relief recieved on 3/6/2015 Court of Criminal Appeals Cause No. 29,892-21,. Also find that a informed decision can not be made without a developed record from the Trial Court addressing: 1) The Discredited Scientific Testimony Under the New legal Basis of Article 11.073 which was created to provide for FAIR TRIALS on accurate Scientific Testimony. and 2) The Trial Prosecutors Pre-Trial Knowledge of the inaccurate Scientific Evidence; Both which affect Constitutional Civil Rights to a FAIR TRIAL by a State Official.

Respectfully Presented,

Roy L. Smithwick, Jr.
TDCJ#622814 McConnell
3001 S. Emily Dr.
Beeville, Tx. 78102
7/18/2015

## DECLARATION

I, Roy L. Smithwick, Jr. do Here-By declare under the penality of perjury that every statement in the foregoing Document are True and Correct. Also that every conclusion made from from the information available to me is also true and Correct to the best of my knowledge.

Roy L. Smithwick Jr.

5.

## AFFIDAVIT OF INDEGENCE

I, Roy L. Smithwick Jr., Do Here-By Declare under the Penality of Perjury that in the Trial Cause of the Foregoing issue in the 49th District Court No. 1992CRA00041-D1 and on all appeals I have been found indegent and allowed to proceed without costs. I am presentally incarcerated and do not obtain wages for my labor for which I am considerd a Ward of the State of Texas. I therefore ask to be allowed to proceed without costs in the foregoing issue to compel Performance of Ministerial Duties of a State Official.

Respectfully Submitted

Roy L. Smithwick Jr.
TDCJ#622814 McConnell
3001 S. Emily Dr.
Beeville Tx. 78102

7/10/2015